STATE OF MISSOURI at the relation of THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, a Corporation, Relator, v. PERRY T. ALLEN, ROBERT J. SMITH and JAMES F. FULBRIGHT, Judges of the Springfield Court of Appeals, J. CARL FOGLE and HARRY A. HALL.—136 S. W. (2d) 309.

Division One, January 23, 1940.

672

*William C. Michaels, Ralph M. Jones* and *James E. Sater* for relator; *Alexander & Green* and *Michaels, Blackmar, Newkirk, Eager & Swanson* of counsel.

*Harry A. Hall* and *Gardner & Gardner* for respondents.

CLARK, J.—Certiorari to quash the record of the Springfield Court of Appeals in the case of Fogle et al. v. Equitable Life Assurance Society, 123 S. W. (2d) 595. In its petition for certiorari, the only claim made by relator is that the opinion of the Court of Appeals conflicts with our opinion in State ex rel. Phoenix Mutual Life Insurance Co. v. Harris, 343 Mo. 252, 121 S. W. (2d) 141, but in its brief relator claims that the Fogle case conflicts with other controlling decisions of this court.

Relator says that the conflict with the Harris case consists in the holding of the Court of Appeals "that assignees for collection (one a resident of New York, the other of Missouri) of a beneficiary residing in Louisiana under a policy issued in Louisiana to a resident of Louisiana where his death occurred, could sue in Missouri and secure service under Section 5894, Revised Statutes 1929, Mo. Stat. Ann., p. 4495, on a foreign insurance company."

Said section, in part, is as follows:

"Any insurance company not incorporated by or organized under the laws of this state, desiring to transact any business by any agent or agents in this state, shall first file with the superintendent of the insurance department a written instrument or power of attorney, duly signed and sealed, appointing and authorizing said superintendent to acknowledge or receive service of process issued from any court of record, justice of the peace, or other inferior court, and upon whom such process may be served for and in behalf of such company, in all proceedings that may be instituted against such company, in any court of this state or in any court of the United States in this state, and consenting that service of process upon said superintendent shall be taken and held to be as valid as if served upon the company, according to the laws of this or any other state. Service of process as aforesaid, issued by any such court, as aforesaid, upon the superintendent, shall be valid and binding, and be deemed personal service upon such company, so long as it shall have any policies or liabilities outstanding in this state, although such company may have withdrawn, been excluded from or ceased to do business in this state."

Respondents say that the Harris case can be distinguished from the Fogle case on the facts, "and even though in conflict, announces a rule of procedure and operates prospectively only."

The Fogle case is a suit brought in the Circuit Court of Barry County, Missouri, on a policy of life insurance issued by defendant,

a corporation organized in New York and duly licensed to do business in Missouri. The policy was issued in Louisiana to a resident of that State who continued to reside there until his death. His wife, the beneficiary, also a resident of Louisiana, assigned her claim to the plaintiffs, one a resident of Missouri and the other a resident of New York. Process was served on the Missouri Superintendent of Insurance. By appropriate methods defendant raised and kept alive the question of jurisdiction *in personam.* Judgment for plaintiffs was affirmed by the Court of Appeals.

■ The Harris case, supra, was a suit on two policies of insurance issued by a Connecticut corporation duly licensed in Missouri. The policies insured the life of a resident of Missouri and provided that if he should become totally disabled through sickness or accident a certain sum would be paid to him monthly. Insured became insane and thereby totally disabled. His wife, also a resident of Missouri, was appointed his guardian and assigned the policies to a resident of Connecticut who brought suit in Missouri. Service was had on the Missouri Superintendent of Insurance. This court, en banc, held the service good under Section 5894, and that said statute prescribes the exclusive method of service on foreign insurance companies licensed in Missouri. We reviewed the history of the statute and our previous decisions construing it and held that the suit must be based on: (1) a policy issued or a liability incurred in Missouri while the company was licensed to do business here; (2) *and* (not or) the policy or liability must be outstanding in this State in the sense of being due here.

Neither in their brief nor oral argument have respondents argued or elaborated upon their contention that the instant case can be distinguished from the Harris case on the facts. In fact, respondents seem to concede conflict for, in their brief, they say: "respondents originally intended to urge this court to overrule the Harris opinion, feeling that it did not properly reflect the intent of the Legislature in passing Section 5894."

The facts in the instant case are the reverse of the facts in the Harris case. That is to say: in the instant case all the transactions in reference to the policy were had outside Missouri and, after the liability accrued, the claim was assigned to a resident of Missouri; while in the Harris case all the transactions were had in Missouri and, after the liability accrued, the claim was assigned to a nonresident. Yet we think the opinion of the Court of Appeals is in conflict with principles of law announced in, and necessary to a decision of, the Harris case. In the Harris case we held that the statute not only *authorized,* but *required* the suit to be based upon (1) a policy issued or liability incurred in Missouri; (2) *and* the policy or liability must be outstanding in this State in the sense of being due here. In reaching that conclusion we said:

"The statute evidences an intent to view insurance policies as of the time of their issuance. It requires a foreign company doing business in Missouri to appoint the Superintendent of Insurance as agent for service of process, and says such service shall be valid *so long* as the company shall have outstanding in this State any policies or liabilities issued or contracted in the course of such business, thus looking back to the time of their creation. At that time the person taking out and covered by life, accident or health insurance ordinarily is the one primarily interested in it. Fire or other like insurance is issued to protect the owner against loss of his property or damage thereto, and in a sense stands in lieu of property in this State covered thereby. We believe the statute regards a policy issued in Missouri as *outstanding in this State, so long as it remains in force covering a life, person or property in this State.*"

In the Harris case it was necessary to determine the meaning of the statutory requirement that the policy must be "outstanding in this State." In Section 3 of the opinion it is held that that requirement means that the policy must have been issued in this State on a life, person or property in this State.

The holding of the Court of Appeals in the instant case that the statute authorizes service in a suit upon a policy not issued in, and upon a liability which was not incurred in, Missouri and which was not outstanding in Missouri (within the definition laid down in the Harris case) is in direct conflict with the Harris case. Respondents say there is no conflict "with the last controlling decision of this court" for the reason that when the trial court overruled defendants' motion to quash the service the Harris opinion had not been handed down and the question of conflict must be determined as of that date. We see no merit in that contention. The Harris opinion had been handed down prior to the decision of the Fogle case in the Court of Appeals and was called to the attention of that court.

On their contention that the Harris case decides a question of procedure and therefore operates prospectively only, respondents cite a number of cases. It is unnecessary to discuss those cases in detail. Some of them do announce the rule that if the overruled decision deals with a matter of procedure, then the effect of the subsequent overruling decision is prospective only, but in most, if not all, of those cases it is expressly stated that the effect shall be prospective only. No such statement is contained in the Harris decision. We think the Harris case decides more than a question of procedure. The statute under consideration in that case, Section 5894, requires foreign insurance companies, as a consideration for the privilege of doing business in this State, to appoint the State Superintendent as their agent to receive service of process in suits against them on some, but not all, causes of action. The question of what causes of

action are included (that is, the question of the power of the agent to receive service) is a matter of substantive right.

In the Harris opinion a suggestion was made that the General Assembly clarify Section 5894. At the next session of that body (Sess. Acts 1939, p. 451) Section 5894 was repealed and a new section enacted which, of course, will govern actions hereafter brought.

Relator also contends that the opinion of the Court of Appeals should be quashed for conflict with certain decisions of this court because of the construction the opinion gives to the policy sued on. But the opinion of the Court of Appeals states that the parties concede that the case should be decided according to the laws of Louisiana and purports to so construe said policy. Relator has cited us no case in which we have construed a similar policy according to the laws of Louisiana and, as we are here concerned with the question of conflict only, we must rule this point against relator.

Because of conflict with the Harris case, supra, the opinion of the Court of Appeals is hereby quashed. All concur.