## ARIZONA BARITE CO. v. WESTERN-KNAPP ENGINEERING CO.

### No. 11853.

United States Court of Appeals
Ninth Circuit.

Nov. 3, 1948.

Rehearing Denied Dec. 13, 1948.

Stockton & Karam and Fred J. Elliott, both of Phoenix, Ariz., and Fulbright, Crooker, Freeman & Bates, of Houston, Tex., for appellant.

Leslie Parry and Herbert Mallamo, both of Phoenix, Ariz., and Arthur P. Shapro and August B. Rothschild, both of San Francisco, Cal., for appellee.

Before MATHEWS and HEALY, Circuit Judges, and BLACK, District Judge.

MATHEWS, Circuit Judge.

On August 8, 1945, appellee, Western-Knapp Engineering Company, a California corporation, appointed J. P. Keller, a resi-

dent of Maricopa County, Arizona, as its statutory agent upon whom process might be served and filed the appointment with the Arizona Corporation Commission. Thereupon, on August 8, 1945, appellee was duly admitted and authorized to transact business in Arizona.[1] It did so until June 6, 1946. On June 6, 1946, it filed with the Corporation Commission what purported to be a revocation of the appointment of Keller as its statutory agent. It never appointed anyone in Keller's place. It transacted no business in Arizona after June 6, 1946.

On December 12, 1946, a certificate stating that appellee had elected to wind up and dissolve was filed with the Secretary of State of California. On January 3, 1947, a certificate stating that appellee had been completely wound up was filed with the Secretary.[2] Despite the filing of these certificates, hereafter called the winding-up certificates, appellee retained its corporate existence and some of its corporate powers, including the power to sue and be sued, and, when exercising such powers, acted by and through its directors (J. N. How, J. H. How and Clara How).[3]

On April 28, 1947, appellant Arizona Barite Company, an Arizona corporation, brought an action against appellee in the Superior Court of Maricopa County, Arizona, for damages in the sum of $14,566.98 alleged to have resulted from the breach of a contract which, according to the complaint, was made by appellant and appellee on August 9, 1945, was to be performed in Maricopa County and was breached by appellee in Maricopa County before June 6, 1946. Thus, according to the complaint, the claim or cause of action sued on arose in Maricopa County out of business transacted by appellee in Maricopa County after the appointment of Keller as its statutory agent and before the purported revocation of that appointment.

A summons was issued against appellee on April 28, 1947, and was served in Maricopa County by the sheriff thereof by delivering a copy of the summons and of the complaint to Keller as appellee's statutory agent on May 2, 1947.[4] On May 21, 1947, acting by and through its directors, appellee removed the action to the United States District Court for the District of Arizona. On June 24, 1947, acting by and through its directors, appellee moved the District Court for an order quashing the service of the summons issued on April 28, 1947. On October 6, 1947, the District Court entered an order granting the motion of June 24, 1947.

An additional summons was issued on November 13, 1947, and was served in the District of Arizona by the marshal thereof by depositing two copies of the summons and of the complaint in the office of the Corporation Commission on December 5, 1947.[5] On December 26, 1947, acting by and through its directors, appellee moved the District Court for an order quashing the service of the summons issued on November 13, 1947. On December 29, 1947, the District Court entered an order granting the motion of December 26, 1947. From the orders of October 6, 1947, and December 29, 1947, this appeal was taken on January 3, 1948.

Appellee has moved to dismiss the appeal on the ground that the orders were not final decisions.[6] As indicated above, the orders quashed the service of the summons issued on April 28, 1947, and the service of the summons issued on November 13, 1947. They did so, not because of any defect in the form of either summons,[7] but on the ground stated in the motions to

[1] See § 8 of Article 14 of the Constitution of Arizona and §§ 53-305, 53-801, 53-802 and 53-804 of the Arizona Code 1939.

[2] The statement that appellee had been completely wound up was incorrect. Appellee has never been completely wound up.

[3] See §§ 399–404c of the California Civil Code, in effect when the winding-up certificates were filed, and §§ 4600–5403 of the California Corporations Code, now in effect.

[4] See §§ 21-302, 21-304, 21-305 and 21-313 of the Arizona Code 1939.

[5] See § 21-314 of the Arizona Code 1939 and Rule 4 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

[6] See 28 U.S.C.A., 1946 Edition, § 225 (a), in effect when the appeal was taken, and 28 U.S.C.A. § 1291, now in effect.

[7] Cf. Cole v. Rustgard, 9 Cir., 68 F.2d 316.

quash. That ground was, in substance, that, because appellee had filed the purported revocation of the appointment of Keller as its statutory agent, had ceased to transact business in Arizona and had filed the winding-up certificates, there was and could be no valid service of summons in this action. Hence the orders were final decisions and were appealable.[8] The motion to dismiss the appeal is denied.

The appeal presents two questions—whether the service of the summons issued on April 28, 1947, was valid and whether the service of the summons issued on November 13, 1947, was valid. A determination of these questions requires an examination of §§ 5 and 8 of Article 14 of the Constitution of Arizona and §§ 21-305, 21-314, 53-305, 53-801, 53-802, and 53-804 of the Arizona Code 1939, all of which were in effect on August 8, 1945,[9] and at all times thereafter.

Section 5 provides: "No corporation organized outside of the limits of this state[10] shall be allowed to transact business within this state on more favorable conditions that are prescribed by law for similar corporations organized under the laws of this state * * *."

Section 8 provides: "No domestic or foreign corporation shall do any business in this state without having * * * an authorized agent, or agents, in the state upon whom process may be served. Suit may be maintained against a foreign corporation in the county where an agent of such corporation may be found, or in the county where the cause of action may arise."

Section 21-305 provides that service of summons may be made "Upon a domestic or foreign corporation * * * by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."[11]

Section 21-314 provides: "When a domestic corporation does not have an officer or agent in this state upon whom legal service of process can be made, summons may be served upon such corporation by depositing two [2] copies thereof in the office of the corporation commission which shall be deemed personal service on such corporation."

Section 53-305 provides: "Corporation shall appoint a bona fide resident of this state * * * its agent, who shall be known as its statutory agent, upon whom all notices and processes, including service of summons, may be served, and when so served, shall be lawful personal service on such corporation. The appointment shall be filed with the corporation commission."

Section 53-801 provides: "Any foreign corporation, before entering upon, doing, or transacting any business, enterprise, or occupation, in this state shall: * * * Appoint in writing, over the hand of its president or other chief officer, attested by its secretary, a statutory agent in each county in this state in which such corporation proposes to carry on any business as required of domestic corporations [by § 53-305] * * *."

Section 53-802 provides: "No foreign corporation shall transact any business in this state until it has complied with the requirements of the preceding section [§ 53-801], and every act done by said corporation prior thereto shall be void."

Section 53-804 provides: "Upon complying with the provisions of this article [§§ 53-801 to 53-805] any foreign corporation shall have and enjoy the same rights and privileges held and enjoyed by a like domestic corporation."

Arizona corporations, including those similar to appellee, are domestic corporations, within the meaning of these sections, and California corporations, including appellee, are foreign corporations.

Appellee complied with §§ 8, 53-305 and 53-801 by appointing Keller as its statutory

---

[8] In re Melekov, 9 Cir., 114 F.2d 727.

[9] The date on which appellee filed the appointment of Keller as its statutory agent.

[10] Appellee was so organized.

[11] Appellee did not have in Arizona, on April 28, 1947, or at any time thereafter, any officer or any agent except Keller.

agent and filing the appointment with the Corporation Commission on August 8, 1945. Prior to such compliance, it had no right to transact business in Arizona.[12] Upon such compliance, it had the same rights as an Arizona corporation,[13] but no greater rights. It was not and could not be allowed to transact business in Arizona on conditions more favorable than those prescribed by law for a similar Arizona corporation.[14]

As indicated above, two summonses were issued in this action—one on April 28, 1947, and one on November 13, 1947. The summons issued on April 28, 1947, was served by delivering a copy of the summons and of the complaint to Keller, as provided in § 21-305. The summons issued on November 13, 1947, was served by depositing two copies thereof in the office of the Corporation Commission, as provided in § 21-314. Appellee contends that both services were invalid because it had filed the purported revocation of the appointment of Keller as its statutory agent, had ceased to transact business in Arizona and had filed the winding-up certificates before the action was brought.

That appellee had filed the winding-up certificates before the action was brought is immaterial; for, as stated above, appellee retained its corporate existence and some of its corporate powers, including the power to sue and be sued, despite the filing of the winding-up certificates.

That appellee had filed the purported revocation of the appointment of Keller as its statutory agent and had ceased to transact business in Arizona before the action was brought is immaterial for the following reasons:

The claim on which the action was based arose out of business transacted by appellee in Arizona after the appointment of Keller as its statutory agent and before the purported revocation of that appointment. If, as appellee contends, the purported revocation was effectual, appellee did not have in Arizona, on April 28, 1947,[15] or at any time thereafter, any officer or agent upon whom legal service of process could be made. If, as appellant contends, the purported revocation was ineffectual, Keller was appellee's statutory agent on April 28, 1947, and at all times thereafter.

If an Arizona corporation similar to appellee has transacted business in Arizona, an action on any claim arising out of such business can be brought against such corporation in Arizona after it has ceased to transact business in Arizona. If such corporation has a statutory agent in Arizona, service of the summons in such action can be made as provided in § 21-305, and such service is valid. If such corporation has in Arizona no officer or agent upon whom legal service of process can be made, service of the summons in such action can be made as provided in § 21-314, and such service is valid. These are conditions on which an Arizona corporation similar to appellee is allowed to transact business in Arizona. Appellee was not and could not be allowed to transact business in Arizona on more favorable conditions.[16]

Hence, if the purported revocation was effectual, the service of the summons issued on November 13, 1947, was valid, and if the purported revocation was ineffectual, the service of the summons issued on April 28, 1947, was valid. Since at least one of the two services was valid, we need not decide which was the valid one. Both motions to quash should be denied.

The orders appealed from are reversed, and the case is remanded for further proceedings in conformity with this opinion.

---

[12] See § 53-802.
[13] See § 53-804.
[14] See § 5.

[15] The date on which the action was brought.
[16] See § 5.