[1] This is a suit on a cargo liability insurance policy. The plaintiff was a resident of Iowa, engaged in hauling livestock and other freight by truck. The defendant, insurance company, was a Pennsylvania corporation authorized to do business in the States of Iowa and Missouri. Plaintiff purchased a cargo liability policy from defendant in Iowa, and it is admitted it is an Iowa contract. On March 31, 1947, he contracted to transport certain livestock from Wapello County, Iowa, to one Henson, who lived in Schuyler County, Missouri. The animals were loaded into a truck, and while plaintiff was proceeding along the highway in the state of Iowa, the truck overturned, killing one calf of the approximate value of $50, and injuring others. When plaintiff delivered the cattle to Henson he was promptly sued in Schuyler County for damage to the cattle. Personal service was obtained in that county. Plaintiff notified the defendant insurance company of said suit and the company declined to defend the case. He employed an attorney and that suit was tried, resulting in a judgment against Johnson (the plaintiff in this case) for $350 and court costs. Thereafter, Johnson filed this suit in Schuyler County, Missouri, against the insurance company on its policy to recover the amount of the above judgment, his attorneys' fees, and damages for vexatious refusal to pay. The only service of process on the defendant was secured by service on the Superintendent of Insurance of Missouri.
[2] The defendant appeared specially and filed a motion challenging the jurisdiction of the court over the subject matter and of the defendant; it also charged improper venue. The motion was overruled and defendant filed answer generally denying liability and pleading certain provisions of the policy as affirmative defenses, and also tendered into court the sum of $50 and costs in full settlement of plaintiff's claim. A jury was waived and the cause tried by the court, resulting in a judgment for the plaintiff in the sum of $400, from which the defendant has appealed.
[3] The first assignment of error challenges the jurisdiction of the court over the subject matter and over the person of defendant; and also challenges the venue of the suit. We shall discuss this assignment first, because, if it is valid, then there is no need to discuss the merits of the case.
[4] Plaintiff relies upon Sec. 6005, R.S. 1939, Mo.R.S.A., to support his contention that, under the facts in this case, the service of process upon the Superintendent of Insurance of Missouri gave the court jurisdiction of the subject matter and of the defendant. This section provides for service of process on nonresident insurance companies licensed to do business in this state in certain causes of action. The pertinent part provides that the service of process on the Superintendent of Insurance "* * * shall be valid and binding * * * in all actions brought by nonresidents of this state upon any policy issued in this state in which such nonresident is named beneficiary or which has been assigned to such nonresident and in all actions brought bynonresidents of this state on a cause of action, other than anaction on a policy of insurance, which arises out of businesstransacted, acts done, or contracts made in this state." The italicized language is applicable to the facts in this case, because the policy was not issued "in this state", and the plaintiff is a nonresident.
[5] This section prescribes the exclusive method for service of process on foreign insurance companies licensed to transact business in Missouri. State ex rel. Equitable Life Assurance Soc. v. Allen et al., 345 Mo. 671, 136 S.W.2d 309; State ex rel. Phoenix Life Ins. Co. v. Harris, 343 Mo. 252, 121 S.W.2d 141, 119 A.L.R. 862; Johnston v. Progressive Life Ins. Co., Mo.App.192 S.W.2d 649; McNabb v. National Liberty Ins. Co., Mo.App.,188 S.W.2d 523. In the Allen case, 136 S.W.2d 311, the court also holds that this Section "* * * requires foreign insurance companies, as a consideration for the privilege of doing business in this state, to appoint *Page 372 
the State Superintendent as their agent to receive service of process in suits against them on some, butnot all, causes of action. The question of what causes ofaction are included (that is the question of the power of the agent to receive service) is a matter of substantive right." [345 Mo. 671, 136 S.W.2d 311] (Italics ours). The Harris and Allen cases were discussing Sec. 5894, R.S. 1929, which was repealed, Laws 1939, p. 451, and a new section enacted, which is now Sec. 6005; but the observation of the court in those concerning the question of the sole authority for service upon a nonresident insurance company is still applicable.
[6] The opinion in the Harris case reviews the history of Sec. 5894 and many previous decisions construing it, and holds that the suit (under the statute as it then existed) must be based on "(1) a policy issued or a liability incurred in Missouri while the company was licensed to do business here; (2) and (not or) the policy or liability must be outstanding in this state in the sense of being due here." [343 Mo. 252, 121 S.W.2d 145] That opinion also suggested that the General Assembly clarify Sec. 5894. Thereafter it was repealed at the 1939 session, and what is now Sec. 6005, enacted in lieu thereof.
[7] The above quoted language of Sec. 6005 did not appear in the prior section. The first part of the quoted change now makes it clear that a nonresident may sue upon a policy issued in thisstate in which he is named a beneficiary or which has been assigned to him. That provision has no application to the instant case. The clause which is applicable, and which gives us concern, is the provision authorizing service upon the Superintendent in all actions brought by nonresidents on a cause of action which arises out of business transacted, acts done, or contracts madein this state, except actions on a policy of insurance. In what kind of actions has the nonresident insurance company authorized its agent, the Superintendent, to receive service? It is conceded the plaintiff and defendant are nonresidents of Missouri, although the defendant is authorized to transact business in this state; it is also conceded that the insurance policy is an Iowa contract. Is the applicable clause of this section broad enough to authorize the plaintiff to file this suit in Missouri and give our courts jurisdiction of the subject matter and the parties under the particular facts present here?
[8] Plaintiff's first contention is that, when the insurance company refused to appear and defend or otherwise protect plaintiff from the legal liability asserted against him by Henson in the original suit, this constituted "acts done" by the insurance company in Schuyler County, Missouri, where the original suit was filed. We do not believe the two quoted words of the statute ("acts done") have any application, because plaintiff's action is founded upon "a policy of insurance," and the wording of the statute clearly indicates the legislative intent to exclude "an action on a policy of insurance" from actions on "acts done" in this state. They are separate causes of action. If this were not so, then the clause "other than an action on a policy of insurance," would have no meaning. As the court said in the Allen case, service of process under this section is authorized "on some, but not all, causes of action." As we understand the present section it more specifically points out the causes of action which may be maintained in this state by a nonresident against a nonresident insurance company than did the prior section. It specifies actions which arise out ofbusiness transacted, acts done, or contracts made in thisstate, but not actions "on a policy of insurance." In State ex rel. Northwestern Mut. Fire Ass'n v. Cook, 349 Mo. 225,160 S.W.2d 687, the court, in discussing Sec. 6005, as it now reads, held that where a fire policy has executed in Oregon, and the alleged loss accrued there, the policy was an Oregon contract, and for a plaintiff to maintain a suit thereon in Missouri hemust be a resident of this state. While the facts in that case are unlike those in the present suit, we think that construction of the section is applicable here.
[9] It is unnecessary to speculate on the broad limits of actions arising out of business *Page 373 transacted, acts done, or contractsmade in this state because they are not pertinent here and better be discussed when the facts present such an issue.
[10] Plaintiff's second theory is that subsection (c) of Sec. 27, New Civil Code of Procedure, Laws 1943, p. 366, Mo.R.S.A. § 847, 27(c), is comprehensive enough to justify the service and jurisdiction in this state; and being enacted by the legislature subsequent to the enactment of Sec. 6005, it must control over the prior legislative act. Subsection (c) provides for service of summons upon domestic or foreign corporations, etc., "by delivering a copy of the summons and of the petition * * * to any other agent authorized by appointment or required by law to receive service of process * * *." Plaintiff concedes this question has never been decided by the courts. It is interesting, but we shall not undertake to explore its limits. However, we do not believe it has any application in the instant case because it authorizes service upon any agent appointed or required by law to receive service of process by a defendant. That is what Sec. 6005 does. They are not inconsistent. Furthermore, Sec. 2 of the New Code, Mo.R.S.A. § 847.2, provides that it shall govern the procedure in all suits "unless otherwise provided by law." Sec. 6005 is a complete code unto itself for service on a nonresidentinsurance company, and therefore does provide otherwise. For this reason Sec. 27(c) is not controlling. State ex rel. Fawkes v. Bland, Mo.Sup., 210 S.W.2d 31, 36.
[11] Plaintiff's last contention to support the jurisdiction is based on the proposition that after defendant's motion challenging the jurisdiction had been overruled, it filed answer wherein it made a tender of $50 and costs into court and thereby invoked the jurisdiction of the court to render judgment against it for that amount. He asserts that this tender "operated as a solemn and conclusive admission of plaintiff's cause of action, and of the existence of every fact essential to maintain his action." Citing Wells v. Missouri-Edison Electric Co., 108 Mo.App. 607, 84 S.W. 204, and Eagan v. Martin, 81 Mo.App. 676. Those cases do announce that general principle of law, and before the adoption of our New Code of Procedure there would be much merit in this contention. However, Sec. 61 of this code, p. 374, Mo. R.S.A. § 847.61, specifies what matters may be raised by motion to dismiss, and the first is, "lack of jurisdiction over the subject matter"; the second, "lack of jurisdiction over the person", and third, "improper venue". These are the questions raised by defendant's motion. Sec. 66 of the same code, Mo.R.S.A. § 847.66, provides that no objection is waived if properly raised by motion by "pleading over or entering into the trial of the merits * * *." We understand plaintiff concedes that the mere pleading over and entering into the trial of the case would not waive any properly raised objection, but he does contend that since the defendant's answer asked for affirmative action by the court on the question of tender, it thereby waived all objections raised by the motion. We cannot agree with this line of argument because, if that were true, a defendant who had a good counterclaim growing out of the same transaction, would, by filing it and asking for affirmative relief, waive all properly raised objections; and if he did not file his counterclaim with his answer, he would be forever barred from asserting that claim by Sec. 73 of the New Code, Mo.R.S.A. § 847.73. State ex rel. Fawkes v. Bland, supra. That is not the intent and purpose of the New Code. It is our opinion that defendant did not waive properly raised objections by making a tender. The effect of the tender was that, if the court had jurisdiction of the subject matter and of the person, then the amount due was $50 plus costs.
[12] It is unnecessary to discuss the question of venue.
[13] It is our opinion that the circuit court of Schuyler County did not have jurisdiction in this case and erred in overruling defendant's motion.
[14] The judgment is reversed and the cause remanded with directions to dismiss plaintiff's petition.
[15] All concur. *Page 374