336 P.2d 125

W. L. BEARD, Eldon L. Sutherland, and Vernon Lehr, Plaintiffs and Respondents,

v.

WHITE, GREEN AND ADDISON ASSOCIATES, INC., a corporation, Defendant and Appellant,

E. B. Yakes, Defendant and Respondent.

No. 8865.

Supreme Court of Utah.

March 9, 1959.

3. 1957, 6 Utah 2d 102, 306 P.2d 1073, 1074.

Greenwood & Swan, Salt Lake City, for appellant.

Henry Ruggeri, Price, Adams, Peterson & Anderson, Monticello, for respondent.

WADE, Justice.

Defendant White, Green and Addison Associates, Inc. appeals from the trial court's refusal to quash the service of two separate summonses, and to set aside a judgment cancelling defendant's lease of some mining claims and quieting title to such claims in defendant and cross-complainant Yakes, one of the respondents here. The question presented is whether the evidence requires a holding as a matter

of law that neither summons was served on an authorized agent under Rule 4(e) (4) of Utah Rules of Civil Procedure.[1]

■ Under that rule the person served must be more than a mere employee. He must be in charge of some of its property, operations, business activities, office, place of business or in some manner be responsible for or have control over its affairs.

The service of plaintiffs' summons was made in Denver, and the service of the cross-complainant's summons was made on the mining claim in Utah. The evidence as to the authority of the person served in Denver is practically nil. It is considerably stronger as to the person served in Utah, and the judgment is based on that service so we will consider only the evidence regarding that service.

■ The only evidence that the person served was a proper person is the testimony of the officer who made the service, and an attorney who accompanied him, to the effect that the summons was served on a person named Bottomley, who stated that he was the foreman in charge. Bottomley testified that he made no such statement, and that he was not the foreman for the defendant corporation. Mr. Miller testified that he (Miller) was the foreman or superintendant in charge of the camp where the service was made in Utah, and that he had met the sheriff and the deputy who made such service and had been introduced to them as such foreman by White, the president of the corporation. Mr. White confirmed the testimony of the other witnesses as to the capacity of Bottomley and Miller, and that he had prior to the service introduced Miller as the superintendent to the sheriff and his deputy.

■ The extrajudicial statement of a purported agent as to his agency standing by itself would not be very satisfactory

1. Rule 4(e) (4), U.R.C.P. provides: "Upon any corporation, not herein otherwise provided for, upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy thereof to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. If no such officer or agent can be found in the county in which the action is brought, then upon any such officer or agent, or any clerk, cashier, managing agent, chief clerk, or other agent having the management, direction or control of any property of such corporation, partnership or other unincorporated association within the state. If no such officer or agent can be found in the state, and the defendant has, or advertises or holds itself out as having, an office or place of business in this state, or does business in this state, then upon the person doing such business or in charge of such office or place of business."

evidence.[2] It amounts to a hearsay statement by persons who do not claim to know whether it was true or not. Because of the nature of business carried on by modern companies and corporations, it may have some probative value, and is therefore admissible, but it is, of course, always subject to explanation. It is usually coupled with other evidence of the status of the claimed agent. Under the circumstances here it is overwhelmed by other direct and satisfactory evidence. In view of the positive and uncontradicted testimony of Bottomley, Miller and White that Bottomley was not a foreman, and that Miller was the foreman, and the uncontradicted testimony that Miller had been so held out and introduced to the sheriff and his deputy who made the service as such, the finding of the trial court is unreasonable and contrary to the evidence.

Case is reversed with directions to quash the service of summons and set aside the judgment entered in the action, and approve the filing of defendant's answer. Costs to appellant.

CROCKETT, C. J., and WORTHEN, HENRIOD and McDONOUGH, JJ., concur.

2. See State v. Erwin, 101 Utah 365, at pages 390–392, 120 P.2d 285, at pages 298–299; 20 Am.Jur. 508–9, Evidence, Sec. 598; Jameson v. First Savings Bank and Trust Co., 40 N.M. 133, 55 P.2d 743, 103 A.L.R. 1492, also note at 1501.