GIBBONS & REED COMPANY and J. A. Jones Construction Company, joint venturers, Plaintiffs,

v.

STANDARD ACCIDENT INSURANCE COMPANY, a corporation, Defendant.

No. C–127–60.

United States District Court
D. Utah,
Central Division.

Oct. 31, 1960.

Bryce E. Roe, Fabian & Clendenin, Salt Lake City, Utah, for plaintiffs.

John H. Snow, Skeen, Worsley, Snow & Christensen, Salt Lake City, Utah, for defendant.

CHRISTENSON, District Judge.

This is a removed diversity suit for a declaratory judgment interpreting obligations arising by virtue of certain transactions occurring, and under a contract entered into, and performance bond issued, within the State of California. The defendant insurance company has moved to quash service of summons. The parties agree that the validity or non-validity of this service is dependent upon state law.

Plaintiffs served the Commissioner of Insurance of the State of Utah, on the

theory that he had been designated by the defendant insurance company, pursuant to the state insurance code, Utah Code Annotated, 1953, §§ 31–5–16, 31–26–1, as process agent, and, against the possibility that the insurance code provisions did not apply, also served H. Duane Nichols, an adjuster for the insurance company whose telephone number and address were listed in the Salt Lake City telephone directory under "Standard Accident Ins. Co."

Questions that have been argued are, (1) whether the process agent (the Insurance Commissioner) appointed by the company pursuant to the insurance code was subject to service upon a cause of action arising without the state; if not, (2) whether Nichols was in charge of an office or place of business which was "advertised" or "held out" as defendant's office or place of business, within the meaning of Rule 4(e) (4) of the Utah Rules of Civil Procedure; and, (3) whether, in any event, a foreign insurance corporation, by otherwise valid service of process, could be required by such local service to defend within Utah a claim or cause of action arising without the state.[1]

In final analysis, the latter problem appears the most serious, and the determinative one. If it is the policy of the State, as reflected in its rules of procedure, statutes, and judicial decisions, not to permit its courts to be utilized to litigate or enforce against insurance companies claims or causes of action arising in other states, the defendant must prevail in its motion, the manner of service then being immaterial. If, on the other hand, the manifest policy is to the contrary, it seems quite clear that there has been valid service.

The first two questions, concerning the validity of service as such, will be discussed first and disposed of together.

(1–2) Rule 4(e) (4) of the Utah Rules of Civil Procedure provides that personal service shall be made:

"(4) Upon any corporation, not herein otherwise provided for * * by delivering a copy thereof to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process * * *. If no such officer or agent can be found in the county in which the action is brought, then upon any such officer or agent, or any clerk, cashier, managing agent, chief clerk, or other agent having the management, direction or control of any property of such corporation * * * within the state. If no such officer or agent can be found in the state, and the defendant has, or advertises or holds itself out as having, an office or place of business in this state, or does business in this state, then upon the person doing such business or in charge of such office or place of business."

Defendant denies that Nichols was its agent or that he maintained an office for it, asserting that the telephone listing was intended only for the convenience of its out-of-state assured. Aside from the purpose, however, no claim is made that the listing was without its authority. On the other hand, plaintiffs concede that Nichols was not an "officer" or "agent" as contemplated by the foregoing Rule. Apparently the company had none of these within the State of Utah. Plaintiffs claim that Nichols was in charge of a place of business advertised or held out as that of the defendant.

1. In the following discussion we have assumed, as was done by the Court of Appeals of this circuit in Travelers Fire Ins. Co. v. Ranney-Davis Mercantile Co., 10 Cir., 1949, 173 F.2d 844, that the facts that transactions on which the cause of action arose were outside the state and that no insurance business directly related to those transactions was

done with plaintiffs in the state, made the cause of action sued upon one arising without the state. But we entertain a reservation similar to that of Judge Huxman in the case last mentioned, Id., at pages 847, 849, depending upon the circumstances that may subsequently develop here.

■ Granted that in order to justify service upon a member of an inferior class under Rule 4(e) (4), supra, it must be shown that service upon a member of the superior classes cannot be had. Reader v. District Court, 1939, 98 Utah 1, 94 P.2d 858; Boston Acme Mines Development Co. v. Clawson, 1925, 66 Utah 103, 240 P. 165. Defendant's very position assumes that service upon the insurance commissioner for the purposes of this case cannot be had. If it can, there is no problem. If the commissioner were not deemed to be an "agent authorized by appointment or by law to receive service of process", there can be no doubt that there were no other classes intervening before the last one, upon which plaintiffs rely. There can be no doubt that the defendant company intentionally held itself out as having an office or place of business within the state, and that Nichols was in fact in charge of that office.

■ There would therefore be a valid service upon a corporation holding itself out as having an office within the state (aside from the effect of provisions of the insurance code). Cases cited to the contrary, such as Beard v. White, Green and Addison Associates, Inc., 1959, 8 Utah 2d 423, 336 P.2d 125, and McGriff v. Charles Antell Inc., 1953, 123 Utah 166, 256 P.2d 703, are not in point, although in principle they favor plaintiffs' position, where, as here, the company in question was actually doing business in the state and not only had arrangements with an adjuster but authorized him to hold out to the public that the company was maintaining an office in the state in its own name and right but under his charge, and where, as here, at least one of the plaintiffs is a citizen of Utah. The contention persisted in by defendant's counsel at the hearing, so out of keeping with his characteristically well considered arguments, that somehow the intent or purpose of the telephone listing could be limited to servicing the policies of non-residents traveling through Utah, despite the carrier's numerous assured within the state and their more convenient and constant exposure to the listing, must be rejected as realistically unwarranted and legally impotent. Under any view, no material fact question is thereby raised which would preclude resolution of the pending motion without a further hearing. But the other legal points made in support of the motions to quash are cogent and important.

■ (3) If there be any established policy to preclude suits within the state against insurance companies based upon claims or causes of action arising without the state, it must be by virtue of special insurance legislation. It is authoritatively laid down that as to corporations in general, the rule in Utah is to the contrary. Bristol v. Brent, 1910, 38 Utah 58, 110 P. 356. See also related Annotation, "Service of process upon active agent of foreign corporation in action based on transactions out of State," 96 A.L.R. 366. The weight of authority is in favor of a broad construction of such statutes, 23 Am.Jur., Foreign Corporations, § 494, p. 497, but whether this be so or not is immaterial for all the authorities agree that the state decisions on the question are controlling, where there are no constitutional questions involved. See Robert Mitchell Furniture Co. v. Selden Breck Const. Co., 1921, 257 U.S. 213, 42 S.Ct. 84, 66 L.Ed. 201.

Pertinent provisions of Utah Code Annotated, 1953, relating particularly to insurance companies are:

"31–5–16. Foreign companies— Appointment of process agent—Manner of designation—Irrevocability of appointment.—(1) Each authorized other-state or foreign insurer shall appoint the commissioner as its attorney to receive, and upon whom shall be served, all legal processes issued against it in this state upon causes of action arising within this state. Service upon the commissioner as attorney shall constitute service upon the insurer, and legal service of such processes against such an insurer can be had only by service upon the commissioner.

\* \* \* \* \* \*

"(3) The appointment shall be irrevocable, shall bind any successor in interest or to the assets or liabilities of the insurer, and shall remain in effect as long as there is in force in this state any contract made by the insurer or liabilities or duties arising therefrom."

The foregoing provisions appear in Chapter 5 under the heading, "Insurers —General Requirements". The following section is in the chapter of the code captioned, "Provisions Relating to Foreign Companies Only."

"31–26–1. Compliance with local law.—No other state or alien insurance company shall transact any business in the state until it has the qualifications provided in chapter 5 of this code and in addition shall have filed in the office of the commissioner and in the office of the secretary of state:

\* \* \* \* \* \*

"(4) a power of attorney duly signed and sealed, appointing the commissioner and his successors in office to be its true and lawful attorney upon whom all legal process in any action or proceeding against it shall be served, and consenting that service of process upon the commissioner shall be taken and held as valid service upon the company, and that the authority shall continue in force so long as any liability may remain outstanding in this state against it;"

The provision in the chapter dealing with foreign insurance companies (31–26–1) was carried over into the Insurance Code revision of 1947 from the Compiled Laws of Utah, 1943. The more restrictive provision contained in the general chapter (31–5–16) had no counterpart in the 1943 compilation, but was added to the 1947 revision of the Insurance Code at the same time the other section was therein carried forward.

To complete this statutory background, we quote from the general corporation law of Utah, U.C.A.1953:

"16–8–1. Instruments to be filed with county clerks—Every corporation not organized under the laws of this state, except insurance corporations, before doing any business within this state shall file with the county clerk of the county in which its principal place of business in the state will be situated:

\* \* \* \* \* \*

"(2) An acceptance of the provisions of the Constitution of this state, together with a designation of some person residing in said county upon whom all legal process may be served."

Under statutory provisions similar if not identical to Section 31–26–1, supra, courts have denied[2] and others have sustained[3] the right to sue a foreign insurance company admitted to do business in a particular state upon a claim or cause of action arising in another state by service of process upon the insurance commissioner. It is inferred in some of the cases that inability to validly serve the company through the insurance commissioner precludes other means of service, although most of the cases either do not consider this point or infer that other modes of service, if

---

2. Morris & Co. v. Skandinavia Ins. Co., 1929, 279 U.S. 405, 49 S.Ct. 360, 73 L. Ed. 762; American Indemnity Co. v. Detroit Fidelity & Surety Co., 5 Cir., 1933, 63 F.2d 395; Rausch v. Commercial Travelers' Mut. Acc. Ass'n, 8 Cir., 1930, 38 F.2d 766; Steinberg v. Aetna Fire Insurance Co., D.C.E.D.Pa.1943, 50 F.Supp. 438.

3. Travelers Fire Ins. Co. v. Ranney-Davis Mercantile Co., 10 Cir., 1949, 173 F.2d 844; New Amsterdam Cas. Co. v. Murray, 6 Cir., 1957, 242 F.2d 549; Atex Mfg. Co. v. Lloyd's of London, D.C.Ark. 1955, 139 F.Supp. 314; Tomerlin v. London & Lancashire Indemnity Co., D.C.Ill. 1944, 76 F.Supp. 168; Lusk v. Pacific Mut. Life Ins. Co., D.C.La.1930, 46 F.2d 502; Placek v. American Life Ins. Co., D.C.Wash.1923, 288 Fed. 987.

permitted by statute or rule, would be proper. Some of the cases turn on the question of whether the plaintiff suing upon a foreign claim is a citizen of the state of the forum. See 20 Appleman, Ins. L. and P. § 11557, pp. 270 et seq. Here, one of the plaintiffs, Gibbons and Reed Co. is a citizen of Utah. In Travelers Fire Ins. Co. v. Ranney-Davis Mercantile Co., 10 Cir., 1949, 173 F.2d 844, such circumstance was deemed conclusive under a Kansas statute.

The varying results reached are often explained by different background statutes, local court decisions, the status of the defendant's local business, if any, and the plaintiff's residence or citizenship. See 23 Am.Jur., Foreign Corporations, § 494, p. 497, supra. Counsel have called to my attention no decision of the Utah court on the precise question involved and I have been able to find none.

Under such circumstances, the point depending wholly upon a construction of state statutes, there is temptation to abstain from deciding the point until there has been an authoritative state interpretation.[4] But no federal constitutional problems are involved;[5] no equitable remedies dependent upon state law are invoked; no interference with state sovereignty, or unseemly conflict of state and federal power are threatened; and

no necessity for guessing at basic state policy in this field is present. Hence, justification for this course would be minimal, if not totally absent.[6] Moreover, the expeditious treatment commended by the rule governing declaratory proceedings[7] and the necessities of the parties to the same end, as well as procedural complication which would be invited in applying the doctrine,[8] are further indications that the foundational question, as well as the related problems, is one for decision by me at this time. It is true that Morris & Co. v. Skandinavia Ins. Co., 1929, 279 U.S. 405, 49 S.Ct. 360, 73 L.Ed. 762, indicates that in the absence of a controlling state court decision, such statutes as this ought not to be construed to impose upon the courts of the state the duty, or to give them the power, to take cases arising out of transactions foreign to its interests. But we have already seen that Utah has rejected the idea that general language in a statute relating to service upon a foreign corporation admitted to do business in Utah precludes such service in a suit on a cause of action or claim arising outside the state, and the state statutes are more definitive here than those involved in the case last cited.

■ It is clear that 31–5–16 requires all legal process issued against the insurer upon causes of action arising within

4. City of Meridian v. Southern Bell Tel. & Tel. Co., 1959, 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562; Leiter Minerals Inc. v. United States, 1957, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267.

5. Pennsylvania Fire Ins. Co. of Philadelphia v. Gold Issue Min. & Mill. Co., 1917, 243 U.S. 93, 37 S.Ct. 344, 61 L.Ed. 610. The defendant is actually doing business in the state. If it is held under the rule pertaining to service that there is accountability for the office which defendant held out as its own, there is a question of fact and law involved but no constitutional question of whether it was present in the state. See Abel v. Albina Engine & Machine Works, 10 Cir., 1960, 284 F.2d 510. In another context and with different effect there may be a constitutional problem of the preferential treatment of foreign corporations if defendant's views were to prevail, but this will be discussed hereafter.

6. Allegheny County v. Frank Mashuda Co., 1959, 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163.

7. Rule 57, Federal Rules of Civil Procedure, 28 U.S.C.A.

8. See 73 Harv.L.Rev. 1358, et seq. (May 1960). For instance, should the court in this case remand the proceeding to the state court (in which event there would appear to be no right of appeal from the order of remand), dismiss the action (which would be illogical as the court admittedly has jurisdiction over its subject matter if not over the person of the defendant), or hold it in abeyance here until the state court might choose to certify an answer or otherwise respond to the problem (anything but an expeditious solution)?

the state to be served upon the insurance commissioner and "that legal service of *such* process" (i. e. process upon causes of action arising within the state) cannot be accomplished in any other way. But this section is silent as to the service of process on causes of action arising outside of the state. Defendant would have it inferred that no other actions against insurance companies within the state are contemplated by Utah law. It would be equally or more plausible to assume that if the legislature had meant that service of all process against an insurance company including *such* process, would be accomplished in no other way it would not have limited the restriction as it did. But in addition to such limitation, the other statutory provision does not support defendant's position. Section 31–26–1(4), without including the restrictive language of 31–5–16, says that the foreign insurance company shall file "a power of attorney * * * appointing the commissioner * * * to be its true and lawful attorney upon whom all legal process in any action or proceeding against it shall be served * * * and that the authority shall continue in force so long as any liability may remain outstanding in this state against it." [9] If this means the same as the specifically restricted language of 31–5–16, the question must occur why the latter was added at all, and if added, why the former was reenacted and retained. It is so elementary as to require no citation that effect must be given if possible to all portions of statutes on the same subject and that their provisions should be harmonized if reasonable they can be. It will be presumed that the legislature acted neither in futility nor in contradiction.

If the defendant corporation could be deemed thus protected from suits against it in this state based upon foreign claims or causes of action, the statute accomplishing this would be of dubious constitutionality. Domestic insurance companies clearly enjoy no such protection. They can be sued by the ordinary means of service upon causes of action arising both within and without the state. Article XII, Sec. 6 of the Constitution of Utah provides in effect that no corporation organized outside of this state shall be allowed to transact business within the state upon conditions more favorable than those applicable to corporations organized under the laws of this state. The doubtful constitutionality of the construction proposed by defendant confirms the rather clear indication of the language of the statute to the contrary. It also confirms the basic doctrine already adhered to by the Utah Supreme Court that foreign and domestic corporations in general are alike subject to suits within this state upon claims or causes of action arising outside of the state. See Arizona Barite Co. v. Western-Knapp Engineering Co., 9 Cir., 1948, 170 F.2d 684. Cf. National Liberty Insurance Co. v. Trattner, 1926, 173 Ark. 480, 292 S. W. 677.

■ In view of the foregoing considerations, I construe Chapter Five as meaning that with respect to local claims or causes of action the only way to serve process against a foreign insurance company is through the insurance commissioner. Inasmuch as the commissioner

9. We agree with Tomerlin v. London & Lancashire Indemnity Co., D.C.Ill.1944, 76 F.Supp. 168, 172, where it is said concerning similar language in an Illinois statute: "Consideration of this language in connection with the broad preceding language noted above would seem to indicate that it was intended, not to limit the inclusiveness of the language which preceded it while the insurance company continued to do business in the state, but to make provision for the contingency which would arise when and if the insurance company should seek to withdraw from the state leaving liabilities behind. * * *" In the case at bar the defendant company is admittedly doing business within the state and its qualifications to do so under the Insurance Code continues. See also Aetna Casualty & Surety Co. of Hartford v. Gentry, 1943, 191 Okl. 659, 132 P.2d 326, 145 A.L.R. 623; cf. State ex rel. Equitable Life Assur. Soc. of U. S. v. Allen, 1940, 345 Mo. 671, 136 S.W.2d 309.

would be especially but not exclusively interested in suits and related difficulties involving business within the state, this special requirement seems reasonable from the standpoint of regulation. It is, as well, a convenience to local policyholders. But this does not mean that the foreign corporation is insulated from all other suits. On the contrary, section 31–26–1 means that the foreign corporation must also consent to service upon it through the insurance commissioner of all other suits against it. It is true that the language reads that such process "shall be served." But in the context, this language should be considered to mean that it "may" be so served with binding effect upon the insurer. Especially in this precise kind of situation, involving only the power of the state to provide other means of service by a separate enactment, should this construction be approved. Cairo & Fulton R. R. Co. v. Hecht, 1877, 95 U.S. 170, 24 L.Ed. 423. This is the most reasonable construction, and involves the most convenient procedure from the standpoint of both the complainant and the company. From the standpoint of the regulatory agency it makes sense. The difference drawn by the legislature between the mandatory and permissive provisions also makes sense.

But if I should be wrong in this, and if in case of such process the insurance commissioner were not the agent of the insurer, it would make no difference in the result, for service through Nichols would then constitute a valid service under the rule. We have already seen that no contrary policy has been recognized pertaining to other corporations, and to the Utah authority cited we may add, Henrietta Mining & Milling Company v. Johnson, 1899, 173 U.S. 221, 19 S.Ct. 402, 43 L.Ed. 675, holding that as to corporations in general the special statutory mode of service upon a foreign corporation through its designated process agent is not exclusive. See also, Annotation, "Who, other than public official, may be served with process in action against a foreign corporation doing business in state," 113 A.L.R. 9, et seq.

Defendant suggests that as to insurance companies the legislature may have had a special policy of restricting recourse against local assets to local claims. The Insurance Code as a whole suggests the contrary. Thus even alien insurance companies may make required deposits either in this or some other state to qualify for business in this state. Such deposits are in trust for the benefit of "all the company's policyholders and creditors  *  *  * " U.C.A.1953, § 31–26–2. Certificates of deposit or authority in other states are acceptable. Ibid. §§ 31–5–6, 31–26–3. Required reserves of companies, out of state or domestic, may consist of cash and various other properties in their possession. Ibid. § 31–12–1. In delinquency proceedings, claimants in reciprocal states may file claims here against a domestic company and local claimants may file claims in another state against one of its companies, and while special deposits may give rise to preferences all claims "whether owing to residents or nonresidents" must be given equal priority of payment from general assets regardless of where such assets are located. Uniform Insurers Liquidation Act, U.C.A. 1953, §§ 31–28–14, 31–28–15.

It appears neither reasonable nor consistent that while domestic insurance companies may be freely sued by nonresidents in the courts of Utah on claims arising outside the state, foreign insurance companies authorized to do business and maintaining process agents here, are not subject to similar suits even by citizens of this state. Such a result would also preclude the bringing of an action here upon a judgment obtained in another state, for of course, local service also would be required for such an action. These anomalous results are not required by the Insurance Code, and are inconsistent with all of its provisions and with the determined

policy of the state concerning corpora-tions in general.

For the reasons indicated, the Motion to Quash Service of Process upon the defendant is denied.