**Linda DIAMOND, Plaintiff,**

v.

**PURITAN INSURANCE COMPANY, et al., Defendants.**

**No. 81–143C(2).**

United States District Court, E. D. Missouri, E. D.

June 29, 1981.

Gregory D. Hoffmann, St. Louis, Mo., for plaintiff.

Milton I. Goldstein, St. Louis, Mo., for defendants.

## MEMORANDUM

NANGLE, District Judge.

This case is now before the Court on defendants' motion to quash service of process and to dismiss. Plaintiff initially filed this suit in the Circuit Court of St. Louis County, Missouri, and defendants subsequently removed to this Court due to diversity of citizenship. Plaintiff, as assignee of the named insured under a policy of hull insurance, brought this suit seeking to recover for loss to the insured vessel. Defendants are allegedly the co-insurers under the policy.

Defendants Puritan Insurance Company and American Druggist Insurance Company are allegedly foreign insurance companies licensed to do business in the State of Missouri and actually transacting business in this state. Puritan and American Druggist have not contested these allegations for purposes of the instant motion to quash. Defendant Utah Home Fire Insurance Company is a foreign insurance company not licensed to do business in Missouri. All three defendants were purportedly served by mailing a copy of the summons and complaint to the Missouri Superintendent of Insurance, who, in turn, notified defendants of this suit.

In the instant motion to quash, defendants Puritan and American Druggist contend that this suit does not fall within the provisions of § 375.906, R.S.Mo. (1978), such that service of process upon the Superintendent of Insurance was sufficient to obtain *in personam* jurisdiction over them. Plaintiff contends that Rule 4(d)(3), Federal Rules of Civil Procedure, authorizes service upon the Superintendent of Insurance as the agent of these defendants. With respect to Utah Home, plaintiff does not challenge this defendant's assertion that service was insufficient; service on Utah Home will therefore be quashed.

■ Section 375.906 provides a method for service of process upon foreign insurance companies licensed to do business in Missouri. That statute provides, in pertinent part, as follows:

375.906. Foreign companies to appoint director to receive service-methods-penalty.

1. No insurance company or association not incorporated or organized under the laws of this state shall directly or indirectly issue policies, take risks, or transact business in this state, until it shall have first executed an irrevocable power of attorney in writing, appointing and authorizing the director of the division of insurance of this state to acknowledge or receive service of all lawful process, for and on behalf of the company, in any action against the company, instituted in any court of this state, or in any court of the United States in this state, and consenting that service upon the director shall be deemed personal service upon the company.

2. Service of process shall be made by delivery of a copy of the petition and summons to the director of the division of insurance, the deputy director of the division of insurance, or the chief clerk of the division of insurance at the office of the director of the division of insurance at Jefferson City, Missouri, and service as aforesaid shall be valid and binding in all actions brought by residents of this state upon any policy issued or matured, or upon any liability accrued in this state, or on any policy issued in any other state in which the resident is named as beneficiary, and in all actions brought by nonresidents of this state upon any policy issued in this state in which the nonresident is named beneficiary or which has been assigned to the nonresident, and in all actions brought by nonresidents of this state on a cause of action, other than an action on a policy of insurance, which arises out of business transacted, acts done, or contracts made in this state.

It is not disputed by plaintiff that service could not be obtained on Puritan and American Druggist under this statute. *State v. Allen*, 345 Mo. 671, 136 S.W.2d 309 (1939); *Johnson v. Fire Ass'n. of Philadelphia*, 240 Mo.App. 1187, 225 S.W.2d 370 (1949). Though plaintiff is a resident of this state, the policy in question was not issued and did not mature in this state, and the liability in question did not accrue in this state. The policy was issued to an Arkansas resident and the insured vessel sank in that state. Furthermore, plaintiff is not named as a beneficiary under the policy.

The Missouri courts have held that § 375.906 and its predecessors are the exclusive means for serving nonresident insurance companies licensed to do business in Missouri. *Allen*, supra; *Johnson*, supra; see, also, *Thompson v. National Life Ins. Co.*, 28 F.2d 877 (W.D.Mo.1928). Service is governed by the Federal Rules of Civil Procedure in this action, however, *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), not by state law. In this Court, therefore, § 375.906 is not the exclusive method of service, and the provisions of Rule 4(d)(3) may be followed. *Seven Provinces Ins. Co. v. Commerce and Indus. Ins. Co.*, 306 F.Supp. 259 (W.D.Mo.1969).

That rule provides that service may be had upon a foreign corporation by delivering a copy of the summons and complaint to any agent authorized by law to receive service of process. Plaintiff argues that the Superintendent of Insurance is an "agent authorized . . . by law to receive service of process." This Court believes plaintiff's argument is premised on a misreading of § 375.906.

It is true that § 375.906.1 requires that foreign insurance companies, as a condition of transacting business in this state, must authorize the director of the division of insurance to receive service of process in suits against them. Section 375.906.2, however, restricts that appointment to a limited class of cases. As stated in *Allen*, supra 136 S.W.2d at 311:

> The statute under consideration in that case, . . . , requires foreign insurance com-

panies, as a consideration for the privilege of doing business in this state, to appoint the State Superintendent as their agent to receive service of process in suits against them *on some, but not all, causes of action.* (emphasis added).

The instant case does not fall within the class of cases in which the Superintendent is authorized to accept service. In this case, therefore, the Superintendent is not an "agent authorized . . . by law to receive service of process."

This case is distinguishable from *Seven Provinces*, supra, relied upon heavily by plaintiff. In *Seven Provinces*, service was not made upon the Superintendent of Insurance, but rather upon an agent of the insurance company defendant. See, *Seven Provinces*, supra at 260 n.1 and accompanying text. That the suit may not have been within the provisions of § 375.906.2, such that service could be made upon the Superintendent of Insurance as defendant's statutory agent, was therefore irrelevant to the validity of service upon the defendant's Registered Agent under Rule 4(d)(3).

Since plaintiff herein has not served an agent authorized by law to accept service on defendant's behalf in this suit, defendants' motion to quash will be granted.