John M. WILLIAMS, Plaintiff and Respondent,

v.

STATE FARM INSURANCE CO., Defendant and Appellant.

No. 880148–CA.

Court of Appeals of Utah.

May 19, 1988.

Darwin C. Hansen, Hansen & Crist, Bountiful, for defendant and appellant.

John M. Williams, Provo, for plaintiff and respondent.

Before JACKSON, ORME and GREENWOOD, JJ. (On Law and Motion).

## MEMORANDUM DECISION

### PER CURIAM:

This matter is before the court on appellant's Motion for Summary Disposition, which seeks to have the judgment of the Eighth Circuit Court, Provo Department, Small Claims Division, reversed on the basis of manifest error. Appellant State Farm Insurance ("State Farm") urges that the trial court erred in refusing to dismiss the case based on claimed defects in the service of process. We deny the motion. Because the only issue on appeal concerns the alleged deficiency in service of process, we proceed, sua sponte, to consider the appeal on the merits and affirm the lower court's judgment. R.Utah Ct.App. 10(e).

State Farm is a nonresident insurance company authorized to do business in Utah. Service of the small claims affidavit and order was made upon State Farm's adjuster at the Orem, Utah Claims Office. Defendant made a motion to dismiss the action on the basis of defective service which was denied by the judge pro tempore.[1]

■ Utah Code Ann. § 78–6–3(1) (1987) provides, in relevant part, that a small claims affidavit and order "shall be served upon the defendant ... as provided by law for the service of summons." Utah Code Ann. § 31A–2–309(1)(a) (1986) prescribes a method for substituted service of "any summons, notice, order, pleading, or any other legal process relating to a Utah court or administrative agency" upon "all insurers authorized to do business in this state, while authorized to do business in this state, and thereafter in any proceeding arising from or related to any transaction having a connection with this state". Any "licensed insurer by applying for and receiving a certificate of authority ... is considered to have irrevocably appointed the [insurance] commissioner and lieutenant governor as his agents" for service. Utah Code Ann. § 31A–2–309(2) (1986). Utah Code Ann. § 31A–2–309(5) (1986) provides:

The right to substituted service under this section does not limit the right to serve a summons, notice, order, pleading, demand, or other process upon a person in any other manner provided by law.

Thus, it is contemplated by the language of section 31A–2–309(5) that service upon the insurance commissioner is not the exclusive method for service upon a foreign insurer authorized to do business in this state where the claim arises from or is related to any transaction in this state. Instead, service under section 31A–2–309 is a means of "substituted" service that is available in addition to, and not in lieu of, other forms of service.

Appellant's reliance upon *Gibbons & Reed Co. v. Standard Accident Ins. Co.*, 191 F.Supp. 174 (D.Utah 1960), for the proposition that service on the insurance commissioner is the exclusive method for service on a nonresident insurer is misplaced. That case construed Utah Code Ann. § 31–5–16, which was superseded in 1985 by present section 31A–2–309. Previous section 31–5–16 specifically provided that "legal service of such processes against [a foreign insurer] can be had only by service upon the commissioner." In contrast, present section 31A–2–309 specifically states that substituted service on the insurance commissioner is not the exclusive means for service.

■ We conclude that defendant could have been lawfully served with process under the procedure for substituted service contained in section 31A–2–309 or in the manner set forth in Utah R.Civ.P. 4. The only remaining inquiry is whether service on the corporation was sufficient under Rule 4(e)(4), which provides:

(4) Upon any corporation ... by delivering a copy thereof to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process

---

1. Under the circumstances, it appears that defendant should have made a motion to quash service because the purpose of the motion was not to establish that no claim was stated, but to contend that the method of service was improper.

989

and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. If no such officer or agent can be found in the county in which the action is brought, then upon any such officer or agent, or any clerk, cashier, managing agent, chief clerk, or other agent having the management, direction or control of any property of such corporation, partnership or other unincorporated association within the state. If no such officer or agent can be found in the state, and the defendant has, or advertises or holds itself out as having, an office or place of business in this state, or does business in this state, then upon the person doing such business or in charge of such office or place of business.

State Farm does not challenge the propriety of service upon the adjuster at the Orem Claims Office under the foregoing provision. Instead, State Farm's sole contention on appeal is that the exclusive means for service on it was by service on the insurance commissioner. As explained above, that contention is without merit.

The effectiveness of service being the only issue raised in the docketing statement filed in connection with this appeal, we affirm the judgment of the trial court on the merits.

JACKSON, ORME and GREENWOOD, JJ., concur.