Sam GREENWOOD, Appellant,

v.

Lloyd J. SCHNAKE, Respondent.

No. 51117.

Supreme Court of Missouri,
Division No. 1.

Dec. 13, 1965.

Haskell Imes, Kansas City, for appellant.

Claude McFarland, Kansas City, for respondent.

HOUSER, Commissioner.

This is an appeal from an order of the circuit court dismissing without prejudice a petition for damages for personal injuries and to property, alleged to have been sustained as a result of a vehicular collision. We have jurisdiction because plaintiff prayed for damages in a sum in excess of $15,000, namely, $15,655.08.

The sole question on this appeal is whether codefendant Lloyd J. Schnake waived the question of the jurisdiction of the circuit court over his person and entered his appearance generally by reason of the several applications, pleadings, and motions he filed and by taking depositions and other steps in preparation for a trial on the merits.

These are the salient facts:

On October 6, 1962 Sam Greenwood, a resident of Jackson County, filed suit in that county, joining as codefendants Hubert Sandridge, a resident of Jackson County, and Lloyd J. Schnake, a resident of Lawrence County. Defendant Sandridge filed an answer on October 26.

On November 15 Schnake filed an application for 30 days additional time, until December 16, within which to plead, "reserving the right to assert all defenses accruing to him that might have been pleaded on the original return date." On December 15, with the same reservation of rights, Schnake filed an application for an additional 30 days, until February 15, 1963, within which to plead. Both applications were granted.

On February 15 Schnake filed two separate motions: a motion to make the petition more definite and certain and a motion to quash service of summons and process. The former was made "without waiving" his motion to quash. In the latter Schnake alleged that he was "appearing for the purpose of this pleading only." The court overruled the motion to quash, sustained the motion to make more definite and certain, and gave plaintiff 15 days to plead. Plaintiff timely filed an amended petition and defendant Sandridge filed an amended answer.

On March 14 Schnake, "reserving his prior objection to the jurisdiction of the Court," directed interrogatories to codefendant Sandridge.

On March 15 Schnake filed an answer. In the first paragraph Schnake challenged the jurisdiction of the court, alleging that he was served with summons and process in Lawrence County; that defendant Sandridge, a Jackson County resident, was joined by plaintiff as a codefendant solely for the purpose of improperly establishing the venue of the case in Jackson County; that plaintiff never did and did not then have a cause of action against Sandridge and that joining Sandridge as a codefendant was not done in good faith, was a fraud upon Schnake and deprived him of due process of law.

On May 18 Schnake filed a verified motion for a continuance in which he made no reservations with reference to jurisdiction.

This motion was sustained. The cause was set for trial on June 8.

On June 5 Schnake took the depositions of plaintiff and codefendant Sandridge. Based upon plaintiff's admissions in his deposition Schnake on June 8 filed a new motion to dismiss plaintiff's petition or in the alternative to quash service of summons or process in which, after stating the substance of the testimony adduced in the depositions, Schnake alleged that from plaintiff's admissions and the uncontradicted testimony of the litigants plaintiff never did have and did not then have a cause of action against defendant Sandridge and therefore as a matter of law the joinder of Sandridge was only pretensively made for the purpose of procuring venue in Jackson County and to cause the court to acquire jurisdiction over the person of Sandridge, who is not a proper party, and through him jurisdiction over Schnake, and that to require Schnake to defend this case in Jackson County would greatly prejudice him and deprive him of due process of law. On September 28 when the case came on for trial Schnake filed a motion to produce certain medical evidence. This motion made no reservation with respect to the jurisdictional question. The court took up Schnake's motion to dismiss or in the alternative to quash service of summons or process, sustained the motion and dismissed the case as to defendant Schnake without prejudice. Thereupon the court dismissed the case against defendant Sandridge for want of prosecution.

Plaintiff's sole point is that the court erred in dismissing the petition for lack of jurisdiction over the person of the defendant Schnake. The contention is that Schnake waived any defects in the service of process and voluntarily consented to the jurisdiction of the court because first, he "went to great lengths" in the use of discovery procedures in preparing for trial, by procuring a physical examination of plaintiff, filing interrogatories, taking plaintiff's and codefendant Sandridge's depositions and filing a motion to produce medical records, whereby he entered and probed into the merits of the case, indeed, completely prepared for trial; second, he filed a motion to make more definite and certain, which was "directed towards the merits of the case," simultaneously with a motion to quash; and third, he made a statutory application for a continuance for the purpose of obtaining further time to prepare for trial and joined in a further continuance of the case from June 8 to September 30. It is plaintiff's position that to avoid a general entry of appearance it was necessary for Schnake to "diligently pursue his venue question" by acting immediately by filing his motion to quash before the return date; that Schnake should have reserved or mentioned the jurisdictional question in both applications for extensions of time within which to plead and each time he applied for or consented to a continuance and that, having failed to continuously assert and reassert the objection, he is in court. It is plaintiff's further position that Schnake is in court by his affirmative acts of filing a motion to make the petition more definite and certain, filing interrogatories, taking depositions, moving for a physical examination and to produce records, and applying for and agreeing to continuances, because thereby he probed into the merits of the case and took or agreed to take steps or proceedings beneficial to himself other than steps contesting the jurisdiction of the court.

Prior to the enactment of the new civil code in 1943 the foregoing acts and omissions would have amounted to a waiver of a defendant's objections to, and would have constituted the entry of a general appearance conferring, jurisdiction over his person. Mahan v. Baile, 358 Mo. 625, 216 S.W. 2d 92; Baisley v. Baisley, 113 Mo. 544, 21 S.W. 29; Columbia Brewery Co. v. Forgey, 140 Mo.App. 605, 120 S.W. 625; Jones v. Church, Mo.App., 252 S.W.2d 647 (these are the cases cited by appellant); and see the several cases cited in the well-considered article, "Special Appearances in Missouri," by Prof. John S. Divilbiss, (1962) 27 Mo.Law Review 533, 534.

The enactment of the new code and the promulgation of the Rules of Civil Procedure have changed the law and have "considerably lightened the burden of one who wishes to question the jurisdiction." State ex rel. Ballew v. Hawkins, Mo.App., 361 S.W.2d 852, 858 [12].

This is the existing law on the subject: Objection to lack of jurisdiction over the person may be raised by motion, whether or not the same may appear from the pleadings or other papers filed in the cause. Civil Rule 55.31(a), V.A.M.R.; § 509.290, V.A.M.S. The motion raising the objection of lack of jurisdiction over the defendant's person may now be filed along with motions pertaining to other matters, Civil Rule 55.-37; § 509.340, and a motion raising this objection may be filed simultaneously with pleadings, Civil Rule 55.36; § 509.330, or it may be joined with other motions provided for and then available to the defendant, Civil Rule 55.37; § 509.340, without waiver of the objection of lack of jurisdiction over the person. Having properly and timely filed his motion raising the jurisdictional question a defendant may thereafter plead over, prepare for trial, utilize all of the procedures available in preparation for trial, apply for or consent to continuances, changes of venue, etc., and actually try the case on the merits, Civil Rule 55.37; § 509.-340, without the necessity of making the choice, upon the overruling of the jurisdictional motion, of withdrawing from the action and suffering a default judgment or waiving the jurisdictional question. This new concept has been judicially recognized in various applications of the more enlightened rule. Johnson v. Fire Ass'n of Philadelphia, 240 Mo.App. 1187, 225 S.W. 2d 370, 373 [7]; Durwood v. Dubinsky, Mo. Sup., 291 S.W.2d 909, 915 [4]; State ex rel. Ballew v. Hawkins, Mo.App., 361 S.W.2d 852, 858, 859; Elrod v. Lafayette Elevator Co., Mo.App., 379 S.W.2d 852 [5].

A defendant may perform these acts and thus enter and probe into the merits of the case without the necessity of making the time-honored "special appearance" or reserving the jurisdictional point at each stage of the procedure. Having once hoisted the flag at the beginning of the journey a litigant over whose person a court lacks jurisdiction need not continuously wave the flag at every way station along the route.

■ Note well, however, that a defendant objecting to lack of jurisdiction over his person should *promptly* file the motion raising the question. Such a motion must be made within the time allowed for responding to the opposing party's pleading, Civil Rule 55.36; § 509.330, and if not made within the time therein limited the party waives all objections to jurisdiction then available to him, by the express provisions of Civil Rule 55.37 and § 509.340. Although superfluous, we add that a party whose jurisdictional motion is overruled, desiring a review of the question, must take all of the steps necessary to preserve the matter for appellate review, including the raising of the point in his motion for new trial.

Defendant Schnake properly and promptly raised the jurisdictional question at the earliest possible moment, within the time allowed for responding to the plaintiff's petition. Having thus raised the objection, his subsequent participation in the various procedures described above did not constitute a waiver of his original objection to the jurisdiction of the court over his person and did not constitute the entry of a general appearance.

The judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.