**Elmer KLOOS and Christine Kloos, Relators,**

**v.**

**The Honorable James S. CORCORAN Judge of the Circuit Court of St. Louis, Missouri 22nd Judicial Circuit, Respondent.**

**No. 46008.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 23, 1982.

Reithmann & Soebbing, Ralph K. Soebbing, St. Louis, for relators.

Thomas A. Zotos, Clayton, for respondent.

SMITH, Judge.

Relators sought our writ to prohibit respondent from further proceedings against them in the underlying litigation because of an absence of venue. That litigation involved a suit by a minor child to recover for personal injuries incurred as a result of physical and emotional abuse while in the foster care of relators. The petition alleged that such abuse was "intentionally and/or negligently" inflicted.

In addition to the relators, plaintiff joined a group of employees of the Missouri Department of Social Services/Division of Family Services, and that state agency. Suit was filed in the City of St. Louis and venue premised on the presence of some employees of the state agency in that jurisdiction. Relators are residents of St. Louis County and the actions charged against relators occurred in that county. After service on relators in the County, counsel appeared for relators and requested and obtained additional time in which to plead. Two days later the attorney general, on behalf of the state agency and its employees, filed a motion to dismiss for failure to state a cause of action. Co-counsel entered their appearance for relators and requested and obtained additional time to plead reserving all original defenses. Within the time granted, relators filed their motion to dismiss for improper venue. Several months later the trial court sustained the motion of the "state defendants" to dismiss. The trial court indicated its intention to deny relators' motion to dismiss for improper venue and this writ followed.

We address initially respondent's contention that relators waived their claim of improper venue by their entry of appearance and request for time to plead. It is unquestionably true that prior to 1943 objections to venue or jurisdiction over the person were waived if a defendant made a general appearance or in any way recognized the jurisdiction of the court such as by requesting additional time to plead. *Harrison v. Murphy,* 106 Mo.App. 465, 80 S.W. 724 (1904); Divilbiss, Special Appearances in Missouri, 27 Mo.L.Rev. 533 (1962). In 1943 the code of civil procedure was radically changed and those changes have evolved into our present Rules of Civil Procedure. As pointed out in the Divilbiss article, the change effected in 1943 appears to eliminate the requirement of "special appearances" but courts, largely in dicta, have continued to utilize the language of the pre-1943 cases. This has created confusion in determining what actions of a defendant create a waiver of venue or personal jurisdiction. See for example *Mahan v. Baile,* 358 Mo. 625, 216 S.W.2d 92 (1948) [1–4]; *Jones v. Church,* 252 S.W.2d 647 (Mo. App.1952) [1–3]. We believe the correct approach lies in examining Rule 55.27 which deals with the subject.

Paragraph (a) of that rule provides that certain listed defenses or objections, including improper venue may be raised either in the responsive pleading or by motion. Such a motion is to be made within the time allowed for responding to the opposing party's pleading which time would include any extensions granted by the court for such response. Rule 44.01(b). Paragraph (f) of 55.27 provides that if a party makes a motion raising defenses listed in paragraph (a) and omits any other defense or objection then available to him under that rule he has waived those defenses or objections. Certain exceptions to this waiver are provided, but improper venue is not such an exception. Our reading and analysis of this rule causes us to conclude that "special appearances" are no longer required and that waiver of a defense or objection listed in 55.27(a) occurs (1) when that defense or objection is not raised in a motion raising other defenses or objections or (2) in the event that no such motion is filed then when the defense or objection is not raised in responsive pleading. We find nothing in the rule to indicate that waiver occurs because of the actions occurring here prior to a defensive motion or responsive pleading. *See Crouch v. Crouch,* 641 S.W.2d 86 (Mo. banc 1982).

Rule 55.27 is nearly identical with Federal Rules of Civil Procedure 12(b) through (h) and decisions of the federal courts are consistent with the interpretation we make here and are persuasive. *Orange Theatre Corp. v. Rayherstz Amusement Corp.,* 139 F.2d 871 (3 Cir.1944) [7–10], *cert. denied sub nom., Orange Theatre Corp. v. Brandt,* 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573; *Caraballo v. Lykes Bros. Steamship Co.,* 212 F.Supp. 216 (D.C.Pa.1962).

Here relators raised the objection to venue by motion within the time allowed by the court for responsive pleading. They did not waive their claim of improper venue.

The propriety of the venue here is controlled by *State ex rel. Becker v. Koerner,* 181 S.W.2d 1004 (1944) [1] and *Leichty v. Kansas City Bridge Co.,* 155 S.W.2d 297 (Mo.App.1941) [1] aff'd. 162 S.W.2d 275 (Mo. 1942). The rule enunciated in those cases is that if the petition fails to state a cause of action against the resident defendant through whom venue is acquired, the court has no jurisdiction to proceed against the other defendants. Venue against non-resident defendants cannot be acquired by joining a resident defendant against whom no cause of action is stated.

Respondent relies upon *White v. Burkeybile,* 386 S.W.2d 418 (Mo.1965) [13] and *Rakestraw v. Norris,* 478 S.W.2d 409 (Mo.App. 1972) [2–8]. He interprets those cases as requiring a finding, before declaring venue improper, that the joinder was fraudulent or pretensive and done without an honest belief of a justiciable claim against the resident defendant. The test set out in those two cases applies only if plaintiff has stated a cause of action against the resident defendant. Here respondent has found no cause of action to have been stated and the motion to dismiss for improper venue should have been granted.

Respondent also contends that relators could be "found" in St. Louis City because they made their home available for foster care for children under the jurisdiction of the Juvenile Court. This would require that the minor child plaintiff be considered as "residing" in the City which the record does not show.[1] Further respondent has cited us to no case which premises venue on this type of constructive presence, nor does the record reflect any contact between relators and the Juvenile Court of the City. Custody was placed by the Court with the State agency which in turn made its placement with relators through its County office.

For reasons herein stated we deny respondent's motion to dismiss, or more properly, to quash the preliminary writ.

Preliminary writ is made absolute and respondent is ordered to grant relators' motion to dismiss.

PUDLOWSKI, P.J., and KELLY, J., concur.

1. Sec. 508.010(1) RSMo. 1978.