STATE of Missouri ex rel. Delta F. WHITE, individually, and as personal representative of Joseph D. White, deceased, Relators,

v.

The Honorable William J. MARSH, Judge of Division One of the Circuit Court of Jackson County, Respondent.

No. 62754.

Supreme Court of Missouri, En Banc.

Feb. 23, 1983.

**358**

Robert K. Ball, II, David R. Odegard, Kansas City, for relators.

Thomas F. Gordon, Craig T. Smith, Kansas City, for respondent.

BLACKMAR, Judge.

The relators filed suit in the Circuit Court of Jackson County, Missouri, against The Mayo Clinic, The Mayo Foundation, and others, charging medical malpractice. The defendants Mayo, according to uncontroverted affidavits filed, are situated entirely in Minnesota. The petition alleged that these defendants "continued plaintiff's medical treatment in the State of Missouri by counseling and advising plaintiff's radiologist concerning plaintiff's care and treatment in the State of Missouri."

Summons was served on the defendants Mayo in Minnesota by an officer authorized to serve process under the laws of that state, on January 24, 1980.

On February 21, 1980 the defendants Mayo made application, through Missouri counsel, for an extension of time "to file a responsive pleading to the Plaintiff's Petition," alleging that counsel had only recently been retained and needed time "for review of the pleadings and investigation . . . in order to file a responsive pleading." By order entered February 25, 1980 respondent granted them "until the 24th day of March, 1980, to respond in the instant case." Neither the application nor the order mentioned any purpose of raising an issue of process or of jurisdiction over the person.

On March 24, 1980 the defendants Mayo filed "Motion to Dismiss for Lack of Jurisdiction over the Person or to Dismiss for Insufficiency of Process, and to Quash Purported Service of Process," accompanied by four affidavits. On May 8, 1980 the respondent entered an order sustaining the motions to dismiss and to quash service of process, and dismissing the petition as to the defendants Mayo. The trial court denied relators' motion for reconsideration and the relators sought mandamus, contending that the respondent had a ministerial duty to proceed with the case. The Missouri Court of Appeals, Western District, denied the petition but it was renewed in this Court and we issued our alternative writ.

Relators do not challenge the respondent's ruling that the defendants Mayo were not subject to longarm service in Missouri. They claim, rather, that these defendants, by seeking and obtaining an unqualified extension of time for responding to the malpractice petition, waived their right to challenge jurisdiction over the person and effected a general appearance in the case.

The respondents argue that the issue of jurisdiction over the person was properly raised in accordance with Supreme Court Rule 55.27, which provides in pertinent part as follows:

(a) . . . Every defense, in law or fact, to a claim in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion

. . . . .

(2) Lack of jurisdiction over the person

. . . . .

A motion making any of these defenses shall be made within the time allowed for responding to the opposing party's pleading. . . . Motions and pleadings may be filed simultaneously without waiver of the matters contained in either. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.

. . . . .

(f) A party who makes a motion under this Rule may join with it any other

motions herein provided for and then available to him. If a party makes a motion under this Rule but omits therefrom any defense or objection then available to him which this Rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, [with exceptions not here pertinent]

(g)(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process ... is waived (A) if omitted from a motion in the circumstances described in subdivision (f) or (B), if it is neither made by motion under this Rule nor included in a responsive pleading.

The respondent also points to the provisions of Rule 44.01(b), as follows:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order ...

One who looked only at the text of these rules would surely conclude that the Motions to Quash and Dismiss were timely and in strict compliance with the rules. The defense of want of jurisdiction over the person was raised by motion (Rule 55.-27(a)(2)). The thirty day period for filing the motion (Rule 55.25) was extended by court order on application made before the time expired. The last clause of Rule 44.-01(b) details certain time limits which are not subject to extension, but Rules 55.25 and 55.27 are not listed. Rule 55.27(g)(1) sets forth two situations in which defenses

relating to jurisdiction over the person and sufficiency of process are waived, as by filing other motions without including these defenses, or by failing to raise them by motion or answer, but neither of these situations here obtains. If there has been a waiver by means of the course of action pursued by the defendants Mayo it necessarily must arise on account of something not specified in the Rules.

The relators rely on principles of procedural law developed in most, if not all, American jurisdictions during the nineteenth and early twentieth centuries, and firmly expounded in Missouri law prior to the adoption of the Civil Code of 1943. A defendant who wants to challenge jurisdiction over the person faces formidable obstacles. One option is to ignore a summons in the hope that any default judgment subsequently rendered will be found to be void for want of jurisdiction over the person. This option is still available, *see Crouch v. Crouch,* 641 S.W.2d 86 (Mo. banc 1982), but admittedly risky. The second historical alternative was to enter a "special appearance," limited to the challenge of jurisdiction over the person. The cases held that one who elected to pursue this course had to stay out of court for all purposes not related to the issue of personal jurisdiction.[1] There is substantial authority that the taking of an unqualified extension of time to respond to the opposing pleading constituted the entry of a general appearance. *See* Annot., 81 ALR 166 (1932); *Harrison v. Murphy,* 106 Mo.App. 465, 80 S.W. 724 (1904).

Missouri was one of the first states to adopt the "Field Code" of civil procedure, having done so in 1849. The code provided the means for challenging jurisdiction over the person,[2] but the law of special appear-

---

1. *See, e.g., Newcomb v. New York Cent. & H.R.R.,* 182 Mo. 687, 81 S.W. 1069 (1904); *Byler v. Jones,* 79 Mo. 261 (1883); *State ex rel. Rakowsky v. Bates,* 286 S.W. 420 (Spr.Ct.App. 1926); *J.W. Thomasson v. Mercantile Town Mut. Ins. Co.,* 217 Mo. 485, 116 S.W. 1092 (1909); *Massmann v. Pollock,* 53 S.W.2d 1105 (St.L.Ct.App.1932).

2. Section 922, RSMo 1939, provided: "The defendant may demur to the petition, when it shall appear upon the face thereof, either: First, that the court has no jurisdiction of the person of the defendant, or the subject of the action ...."

Section 926 provided: "When any of the matters enumerated in Section 922 do not ap-

ance and of entry of a general appearance by requesting the court to grant relief not related to issues of personal jurisdiction is not found in the code provisions in express terms. We must determine the extent to which these principles of the common law of procedure survived the subsequent codifications of Missouri civil procedure.

The Federal Rules of Civil Procedure were initially promulgated in 1937. Rules 6(b) and 12(b) are essentially the same as our present Rules 44.01(b) and 55.27(a). The Missouri Civil Code of 1943 (Mo. Laws 1943, at 353; Ch. 506–512, RSMo 1949) borrowed heavily from the Federal Rules and §§ 509.290 and 506.060, RSMo 1959 are for present purposes indistinguishable from Federal Rules 12(b) and 6(b). The present Missouri Rules of Civil Procedure (Mo.S.Ct. Rules 41 through 101) were adopted in 1959, under the authority of Art. V, § 5 of the Constitution of Missouri. Section 509.290 became Rule 55.27(a)[3] and § 506.060 became Rule 44.01(b), both without significant change. The words "special appearance" do not appear in the Civil Code of 1943 or in the Rules of Civil Procedure, just as they were absent from the pre-1943 Code. There is no language of waiver through the securing of an extension of time. Yet there are persistent suggestions that the historic requirements still apply, and this Court has never given a definitive answer.

The late, respected Professor John S. Divilbiss discussed the problem in an article written more than 20 years ago. He suggested that the framers of the Civil Code intended to eliminate the requirement of special appearance and to adopt a complete and comprehensive code of procedural law, including rules which charted a reliable course for those who wanted to contest jurisdiction over the person. Divilbiss, *Special Appearances in Missouri,* 27 Mo.L.Rev. 533 (1962). Yet, because of post-code decisions which seemed to perpetuate the traditional concepts,[4] he was unable to give the profession complete assurance on the point. The relators cite post-1943 Code decisions which seem to leave the matter in doubt.[5] It must be said that, under this state of the authorities, the defendants Mayo took a substantial risk in applying for the extension of time before filing the Motions to Quash and Dismiss.

The federal authorities, construing rule provisions which are similar in all material respects, give strong support to the positions taken by Professor Divilbiss and by the respondent. In *Orange Theater Corp. v. Rayherstz Amusement Corp.,* 139 F.2d 871 (3d Cir.1944), *cert. denied,* 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944), a defendant entered into a stipulation with the plaintiff for extending the time to respond to the plaintiff's complaint, and then filed a motion to dismiss for want of personal jurisdiction. The plaintiff then argued that the defendant, by entering into this stipulation and filing it with the court, had effectively entered a general appearance which could not be withdrawn by the motion. The court held, emphatically, that all that was required was that the issue of personal

pear upon the face of the petition, the objection may be taken by answer . . . . "

3. The relators argue that Rule 55.27(a) cannot change the requirements as to special appearance because rules promulgated under the authority of Art. V, § 5 of the Missouri Constitution cannot change the law as to "jurisdiction." The short answer to this contention is that Rule 55.27(a) did not make significant changes in the procedure prescribed by § 506.060, RSMo 1959. We do not believe, moreover, that a rule which modifies the procedures by which a jurisdictional point is raised effects a change in the law as to "jurisdiction."

4. Professor Divilbiss notes such cases as *Mahan v. Baile,* 358 Mo. 625, 630, 216 S.W.2d 92, 94 (Mo.1948); *Jones v. Church,* 252 S.W.2d 647

(St.L.Ct.App.1952); *State ex rel. Boll v. Weinstein,* 365 Mo. 1179, 295 S.W.2d 62 (Mo. banc 1956); and *Beckmann v. Beckmann,* 211 S.W.2d 536 (Mo.App.1948); transferred to banc, aff'd in part, 358 Mo. 1029, 218 S.W.2d 566 (Mo. banc 1949).

5. Cited are *State ex rel. Lindell Tower Apartments, Inc. v. Guise,* 357 Mo. 50, 206 S.W.2d 320 (1947) (Involving a jurisdictional attack on an increased assessment); *State ex rel. A.M.T. v. Weinstein,* 411 S.W.2d 267 (Mo.App.1967); *Mahan v. Baile,* 358 Mo. 625, 216 S.W.2d 92 (1949); *Germanese v. Champlin,* 540 S.W.2d 109 (Mo.App.1976) (Defendant requested a delay and then suffered default).

**361**

jurisdiction be raised by a motion in compliance with Rule 12(b), and that the defense was not waived by entering into the stipulation for extension. The court said that the Federal Rules were designed to provide a definitive and authoritative code of procedure, unencumbered by past concepts of special appearance. Consistent federal holdings are *Grammenos v. Lemos,* 457 F.2d 1067 (2d Cir.1972) and *D'Amico v. Treat,* 379 F.Supp. 1004 (E.D.Ill.1974), aff'd, 510 F.2d 976 (7th Cir.1975).

In *Greenwood v. Schnake,* 396 S.W.2d 723 (Mo.1965), a defendant who had obtained an extension of time to plead was allowed to file a later challenge to jurisdiction over his person. The case differs slightly from this one, in that there was an express reservation of "all defenses" in the application for additional time but, as will later appear, we conclude that such a reservation is not necessary. The plaintiff in *Greenwood* asserted waiver because of the defendant's activities in the case after the motion challenging personal jurisdiction was filed. The court held that there was no waiver, inasmuch as the jurisdictional claim had been presented in a timely manner.

Also consistent is the recent opinion of Judge Gerald M. Smith in *Kloos v. Corcoran,* 643 S.W.2d 94 (Mo.App.1982).

 We believe that *Orange Theatre* and other federal cases set forth a sound guide for Missouri practice. *Greenwood v. Schnake, supra,* is consistent with this conclusion. There is no logical basis for distinguishing between an extension of time effected by stipulation of the parties and one ordered by the court under Rule 44.01(b). The language of the Federal and Missouri rules is indistinguishable on this point, and has been ever since the Civil Code of 1943 was adopted. It is patent that codification was designed to make substantial changes in the Missouri law of special appearance.

A defendant, for example, may join other motions with a motion challenging jurisdiction over the person [6] and, if the challenge is unsuccessful in the trial court, the defendant can defend on the merits without waiving the right to pursue the issue of personal jurisdiction on appeal, *Thomasson v. Mercantile Town Mut. Ins. Co.,* 217 Mo. 485, 116 S.W. 1092 (1909) notwithstanding. These changes demonstrate an intent to prescribe a clear and authoritative procedure for raising the issue, free from the encumbrance of prior unwritten law.

The solution we choose is procedurally efficient in the present day, when the longarm statutes are often used to summon persons who have never been in Missouri into our courts. The longarm provisions serve a useful purpose, but the questions of the maximum reach of this process are intricate and difficult. Substantial interests are involved, for defending at great distance may be expensive and inconvenient. Motions setting forth the facts as to minimum contacts must often be supported by affidavits requiring detailed investigation and careful preparation. A properly prepared affidavit can be of great assistance to the Court in ruling a motion. Under the relators' contentions, a defendant would be put to the requirement of filing something which might be less than satisfactory within 30 days from service, without being able to seek an extension to put the papers in better order.

Relators suggest that the defendants Mayo, at the time the extension was sought, could have advised the Court that they proposed to challenge personal jurisdiction. No such advice or reservation is required by the rules. To so require would be to perpetuate the concept of "special appearance," which serves no useful purpose. There is no reason to encumber the clear test of the rules with unwritten qualifications.

---

**6.** See generally *Greenwood v. Schnake,* 396 S.W.2d 723 (Mo.1965); *Johnson v. Fire Ass'n of Philadelphia,* 240 Mo.App. 1187, 225 S.W.2d 370 (K.C.App.1949) (effect of joining other matters with a special appearance).

We do not consider situations in which a defendant takes steps in a case which are clearly inconsistent with any claim of want of personal jurisdiction.[7] We do not preclude remedial action if the extension procedure is abused, as when an extension carries the time beyond the period of the statute of limitations in other jurisdictions in which an action might have been brought.[8] Such problems as these can be dealt with when they arise. Nor do we express any conclusion as to requirements for raising jurisdictional issues in actions not governed by the Rules of Civil Procedure.

■ *Sperandio v. Clymer,* 581 S.W.2d 377 (Mo. banc 1979), cited in Judge Billings' dissent, sustained a challenge to jurisdiction over the person and so did not reach the issue now presented. A defendant who obtains an extension of time to respond undoubtedly "recognizes that the case is in court," so that the option of testing personal jurisdiction by submitting to default is no longer available. The defendant who obtains an extension might also be held to be in court for all purposes if defenses relating to personal jurisdiction or venue are not presented within the time specified in an order complying with Rule 44.01(b). For the reasons previously stated, however, we hold that the obtaining of the extension does not operate to waive any of the defenses and objections set forth in Rule 55.27(a).

The defendants Mayo, then, were not precluded from challenging personal jurisdiction or sufficiency of process simply because they had obtained an extension of time to respond to the petition. Nor were they obliged to give any notice or advice as to a purpose of raising these issues at the time the extension was applied for. It follows that our alternative writ was improvidently issued, and it is quashed.

RENDLEN, C.J., and WELLIVER, HIGGINS, GUNN and DONNELLY, JJ., concur.

BILLINGS, J., dissents in separate opinion filed.

BILLINGS, Judge, dissenting.

Because the principal opinion is contrary to the decisional law of this state, I dissent. In effect, the opinion determines that the 1943 Civil Code and our Rules 55.27 and 44.01 have changed the long established law that a party may by his voluntary actions waive jurisdiction over the person and insufficiency of process. These matters are "mere personal privilege", which may be waived by the person entitled to assert it, as, for example, by obtaining an extension of time in which to plead, or by filing an application for change of venue, or by agreeing to a resetting or a continuance, or by entering an appearance. *Hutchinson v. Steinke,* 353 S.W.2d 137, 139 (Mo.App.1962).

Recent cases reiterate the doctrine. In *State ex rel. Sperandio v. Clymer,* 581 S.W.2d 377, 384 (Mo. banc 1979), this Court said:

The general principle is that if a party takes any action which recognizes that the cause is in court and assumes an attitude that the jurisdiction of the court has been acquired, he is bound thereby and the action amounts to a general appearance.

In *Germanese v. Champlin,* 540 S.W.2d 109, 112 (Mo.App.1976), it is said:

With the exception of an objection to the jurisdiction over the subject matter, if a party takes any action in a case which recognizes the case as being in court, this will amount to a general appearance. Thus, where he seeks relief he necessarily assumes the attitude that the jurisdiction of the court has been acquired and, having taken that position, he

---

**7.** *See, e.g., Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.,* 376 F.2d 543 (3d Cir.1967), in which defendant participated in a lengthy hearing on a temporary injunction, prior to raising the jurisdictional issue, and was held to have entered a general appearance.

**8.** Relators represented at oral argument that the statute of limitations of Minnesota has now expired on the claims sought to be raised against the defendants Mayo, but concede that they were not prejudiced as to this matter by the granting of the extension.

is bound thereby and will not be heard afterwards to say otherwise.

In *State ex rel. A.M.T. v. Weinstein,* 411 S.W.2d 267 (Mo.App.1967), there was a defective summons in a juvenile court case. However, counsel entered his appearance as counsel for the persons having custody of the child (the relators) and requested permission to examine the file. Thereafter, the relators moved to dismiss the action on the ground of defective summons and service of process. The court held that the request by counsel to examine the file was affirmative in nature and called for affirmative action by the court, stating as follows:

If a party does any act which recognizes the case as in court, he submits to the jurisdiction of the court. This means any act that recognizes the case as pending in court, such as the seeking of some affirmative relief at the hands of the court.

*Id.* at 273.

The court explained the reasoning behind this doctrine by quoting from 5 Am.Jur.2d, *Appearances* § 16, at 491–92 (1962), as follows:

The reason underlying the doctrine is that no such action can be taken unless the court has jurisdiction of the defendant's person, and he is not entitled to any such affirmative relief or favorable ruling unless the court has such jurisdiction. When he seeks such relief, he necessarily assumes the attitude that jurisdiction has been acquired, and having taken that position he is bound thereby, and will not be heard afterward to say otherwise.

*Id.* at 273.

Turning to the facts before it, the court went on to say as follows:

We are unable to see how relators can make such request of a court through their attorney, which shall be of such a character as shall justify the court in acting upon it, unless the relators are to be regarded as in some way making an appearance. Through their attorney they invoke the action of the court. The re-

quest was made in writing by their authorized representative and in our opinion that would constitute an appearance. It has been held that any action on the part of the defendant in a case, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance.

*Id.*

The court stated further as follows:

Such a general appearance cures any and all defects of service of process . . . . As will be noted the motion of relators in the Juvenile Court to dismiss the action wherein they attack the jurisdiction of the court over their persons, was filed subsequent to the appearance of relators' counsel and request for action by the court . . . .

In view of what we have said we rule that the entry of appearance of Jerome M. Steiner, as attorney for relators, coupled with his request for some action on the part of the court, constituted a general entry of appearance and had the effect of waiving any defects in the Summons served upon the relators and therefore the Juvenile Court has jurisdiction over the persons of the relators.

*Id.* at 274.

Here, Mayo by filing an application for an extension of time was requesting action by the Court in the pending suit. Under the foregoing authorities this constituted a general appearance. The alternative writ should be made peremptory.[1]

---

1. The writer has borrowed extensively from a proposed opinion prepared by Seiler, J., (now retired) which was not adopted in an earlier submission of this case.