Daniel J. PUPILLO, Plaintiff–Respondent,

v.

Bartelo PUPILLO, Defendant–Appellant.

No. 62911.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 28, 1993.

Rehearing Denied Nov. 4, 1993.

Leonard W. Buckley, Jr., Buckley & Mitchell, St. Louis, for appellant.

William L. Sauerwein, Jenkins, Kling & Sauerwein, P.C., Clayton, for respondent.

SMITH, Judge.

Defendant, Bartelo Pupillo, appeals from a judgment in a court tried case awarding plaintiff, Daniel Pupillo, $29,487.47 owed due to defendant's purchase of Daniel's interest in the Pupillo Fruit Company and denying defendant's counterclaim for fraud. We affirm.

Defendant, plaintiff, and a third brother, Salvatore Pupillo, owned, in partnership, the Pupillo Fruit Company. During the later stages of 1989, the brothers agreed to dissolve the partnership, wind up its affairs and distribute whatever profits and property remained. Additionally, the brothers entered into a separate agreement whereby the defendant would pay $50,000 to each brother for their partnership interest. That sum was less any adjustments for receivables and deficits determined during the winding up of the partnership.

Based on an accounting which was agreed to by all and performed by the attorney handling the termination of the partnership and subsequent purchase of the Pupillo Fruit Company, it was determined that Bartelo Pupillo owed Daniel Pupillo $25,242.06 for his share of the business. Bartelo and Daniel agreed that Appellant would pay $10,242.06 in cash with the remaining $15,000 to be represented by a promissory note. This sales agreement was finalized in March of 1990. Daniel Pupillo never received the $10,-242.06 cash payment nor any of the payments due pursuant to the promissory note.

■ Defendant alleges in his first point that the court erred in failing to order an accounting prior to rendering judgment. Defendant's counterclaim asks the trial court to order an accounting of "all assets, liabilities, and accounts payable and receivable *from the date of the parties' agreements to the present*". *Emphasis added.* The difficulty with defendant's request is that from the date of the parties' agreements to the present the company was his and his alone and at the time of termination of the partnership an accounting was had. The partnership ceased to exist at the time the agreements were completed. The defendant, as sole owner during the period of the requested accounting, may conduct such an accounting of his business at any time he wishes. This accounting, however, would in no way bear upon the disposition of this case. Daniel Pupillo had no involvement with the company during the time contemplated by the defendant's request for accounting. Defendant makes no point on appeal that the fraud claim required an accounting. No error can

be found in the trial court's determination that the requested accounting was unnecessary to the disposition of this case. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1970) [1].

Defendant next contends that the trial court abused its discretion in denying his motion for continuance requested due to his poor health. Section 510.080 RSMo grants the trial court discretion to continue a matter "for good cause shown". § 510.080 RSMo (1986). This discretion is broad, and the decision of a trial court to deny a motion for continuance will not be set aside absent a showing of arbitrary or capricious exercise of such discretion. *Wilson v. Dolan,* 767 S.W.2d 569 (Mo.App.1988) [5, 6].

Defendant relies on the note from his cardiologist citing us to *J.H. Rothman Distilling Co. v. Frank,* 88 Mo.App. 50 (1901). However, the doctor's letter here does not directly forbid defendant from appearing at trial and testifying. Further, the note and the motion for continuance do not relate when defendant's health would be such that he could appear. His medical condition was longstanding and appears to be permanent. Although this action had been set for trial for some time, defendant made no effort to preserve his testimony via deposition which could later have been admitted in his absence. *Albi v. Reed,* 281 S.W.2d 882 (Mo. 1955) [10, 11]. In light of these circumstances, the trial court's denial of a continuance was neither arbitrary nor capricious.

Judgment affirmed.

GRIMM, P.J., and CARL R. GAERTNER, J., concur.