**C & H DISTRIBUTORS, INC., Appellant.**

v.

**CLOUD ENTERPRISES, INC., Respondent.**

**No. 64221.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 14, 1993.

D. Sherman Cox, St. Louis, for appellant.

Cyril J. Clancy, Sunset Hills, for respondent.

CRIST, Judge.

Appellant, C & H Distributors, Inc. (C & H), appeals the dismissal for lack of personal jurisdiction of its breach of contract action against Respondent, Cloud Enterprises, Inc. (Cloud). We reverse and remand.

On March 16, 1992, C & H filed suit in the associate division of the St. Louis County Circuit Court against Cloud, alleging three causes of action: Count I—petition on account; Count II—petition on account stated; and Count III—conversion. C & H later amended its petition and averred damages of $12,000. The underlying problem concerned Cloud's failure to pay for merchandise provided to it by C & H.

On May 6, 1992, Cloud's attorney filed a general entry of appearance. On January 13, 1993, Cloud filed a motion to dismiss for improper venue and lack of personal jurisdiction. In the affidavit attached to the motion, Cloud stated it was an Alabama corporation operating as a convenience store in Pell City, Alabama. The affidavit further averred it does not maintain offices anywhere in Missouri nor does it do business in Missouri.

On April 16, 1993, after a hearing on the motion, the trial court sustained Cloud's motion to dismiss, finding it lacked personal jurisdiction over Cloud. The court stated Cloud's contacts with Missouri were not sufficient to give Missouri courts personal jurisdiction over Cloud pursuant to the long-arm statute, § 506.500, RSMo 1986. This order was later set aside, but the trial court subsequently sustained the motion again on June 15, 1993.

On appeal, C & H argues the trial court erred in sustaining Cloud's motion to dismiss for lack of personal jurisdiction because Cloud had waived that defense by entering a general appearance with the court. Therefore, C & H contends a trial should be held on its cause of action.

A brief discussion of the history of waiver of a challenge to personal jurisdiction is warranted. Before the adoption of the Civil Code in 1943, entry of general appearance clearly subjected one to personal jurisdiction of the court. *See, e.g., Mertens v. McMahon,* 334 Mo. 175, 66 S.W.2d 127 (1933). To contest personal jurisdiction, a defendant had to enter a "special appearance." However, after the adoption of the Civil Code in 1943, the method for challenging personal jurisdiction was unclear. Even so, the vast majority of courts still applied the old rule. *See, State ex rel. Boll v. Weinstein,* 365 Mo. 1179, 295 S.W.2d 62, 66 [7] (Mo.banc 1956); *Germanese v. Champlin,* 540 S.W.2d 109, 112 [8] (Mo.App.1976). Further, the Missouri Supreme Court agreed entry of general appearance waived a challenge to personal jurisdiction. *See, State ex rel. State Highway Com'n v. Morganstein,* 588 S.W.2d 472, 478 [9] (Mo. banc 1979); *State ex rel. Sperandio v. Clymer,* 581 S.W.2d 377, 384 [5] (Mo.banc 1979).

However, in 1982 and 1983, the Missouri Supreme Court addressed the issue of waiver of a challenge to personal jurisdiction in more depth. In *Crouch,* the Supreme Court found a defendant did not waive his jurisdictional defense by his nonappearance. *Crouch v. Crouch,* 641 S.W.2d 86, 90 [8] (Mo.banc 1982). However, the Court also intimated in *dicta,* in which only two judges concurred, the mere appearance of a defendant would not constitute waiver. *Id.* at 90–91 n. 4 [7]. The Court based this conclusion on the procedure established in Rule 55.27 to raise the defense of personal jurisdiction. *Id.*

In 1983, the Supreme Court again addressed the issue. In *State ex rel. White v. Marsh,* 646 S.W.2d 357, 361 [1,2] (Mo. banc 1983), the Court held a request for an extension of time under Rule 44.01(b) did not amount to a general appearance. The *Marsh* court based its reasoning on the frequent need of parties raising the issue of personal jurisdiction under the long-arm statute to perform detailed investigation and preparation. *Id.* at 361. It further noted extended preparation could greatly assist the trial court in its decision. *Id.*

*Marsh* is distinguishable from the case at hand. Here, Cloud did not request an extension of time to file a motion to dismiss for lack of personal jurisdiction. Instead, Cloud's attorney filed a general entry of appearance. Only six months later did Cloud challenge personal jurisdiction.

Further, both cases are based on Rule 55.27, which is not applicable to cases originating in the associate division unless the court orders its application. Rule 41.01(b); *Lankheit v. Estate of Scherer,* 811 S.W.2d 853, 855–56 [1] (Mo.App.1991). The case at hand originated in the associate division, and the record before us does not indicate the trial court ordered the application of Rule 55 or any part of it.

In the case at hand, Cloud's attorney entered a general appearance. He did not qualify his appearance in any fashion. His failure to qualify his appearance for the sole purpose of challenging jurisdiction results in waiver of the defense of personal jurisdiction. *Sperandio,* 581 S.W.2d at 384[5]; *Germanese,* 540 S.W.2d at 112[8]; *Cf., Anderson v. Wittmeyer,* 834 S.W.2d 780, 784 (Mo.App. 1992) (Western District applied the common law rules regarding general appearances in a case originating in the probate division, which is also exempt from Rule 55); *Flegel v. Holmes,* 614 S.W.2d 779, 780[1] (Mo.App. 1981) (defendant waived defense of lack of personal jurisdiction by entering unqualified appearance, among other things, in case originating in associate division). Therefore, the trial court erred in sustaining Cloud's motion to dismiss because Cloud had waived any challenge to personal jurisdiction by entry of general appearance. We reverse and remand for trial.

In light of our decision, we need not address C & H's other point on appeal.

Reversed and remanded.

CRANDALL, P.J., and REINHARD, J., concur.