STATE of Missouri, ex rel., PROMISE HEALTHCARE INC., d/b/a Promise Hospital of San Diego, Relator,

v.

The Honorable Sandra FARRAGUT–HEMPHILL, 21st Judicial Circuit, St. Louis County, Missouri, Respondent.

No. ED 97523.

Missouri Court of Appeals, Eastern District, Writ Division Seven.

Feb. 14, 2012.

Jeffrey R. Wagener, Clayton, MO, for relator.

Jay B. Umansky, St. Louis, MO, for respondent.

PATRICIA L. COHEN, Presiding Judge.

Relator Promise Healthcare Inc. d/b/a Promise Hospital of San Diego ("Promise Healthcare") seeks a writ of prohibition, or in the alternative, a writ of mandamus requiring the Respondent to dismiss it as a defendant in a suit filed by Nielsen Healthcare Group, Inc. ("Nielsen Healthcare"). Respondent has filed suggestions in opposition. This court issued a preliminary order in prohibition which we make permanent.

Nielsen Healthcare filed suit against Promise Healthcare in the Associate Circuit division of St. Louis County Circuit Court on February 3, 2011. Nielsen Healthcare served Promise Healthcare with the summons and petition on March 1, 2011. On March 18, 2011, Lathrop & Gage entered an appearance on behalf of Promise Healthcare and filed a Motion to Dismiss asserting lack of jurisdiction by virtue of Section 506.500 RSMo.[1]

---

1. Respondent determined that the entry and motion were filed on March 18, 2011.

In April 2011, Respondent heard arguments on Promise Healthcare's Motion to Dismiss. In response to the Motion, Nielsen Healthcare argued that Promise Healthcare waived its right to assert the defense of lack of personal jurisdiction because Lathrop & Gage had filed an entry of appearance that was not designated as a special entry of appearance prior to filing a Motion to Dismiss on Promise Healthcare's behalf. As grounds for its argument, Nielsen Healthcare relied on *C & H Distributors, Inc. v. Cloud Enterprises, Inc.*, 866 S.W.2d 927 (Mo.App. E.D.1993). Respondent denied the Motion to Dismiss on April 28, 2011. On August 30, 2011, after hearing additional argument and reviewing memoranda of counsel, Respondent issued a written order and judgment setting forth its grounds for denying the motion. Although Respondent acknowledged that Promise Healthcare filed its entry of appearance and motion to dismiss for lack of personal jurisdiction on the same day, she declined to follow Promise Healthcare's argument that because Rule 55 applies to associate circuit cases, "a motion to dismiss for lack of personal jurisdiction should be sufficient to challenge jurisdiction regardless of a general entry of appearance," relying on *C & H Distributors* and *Lamastus v. Lamastus*, 886 S.W.2d 721 (Mo.App. E.D.1994).

Promise Healthcare contends that Respondent abused her discretion and acted in excess of her jurisdiction when she denied Promise Healthcare's Motion to Dismiss on the grounds that Promise Healthcare waived its challenge to personal jurisdiction by filing a general entry of appearance.[2] More specifically, Promise Healthcare argues that it timely filed its Motion to Dismiss for lack of personal

jurisdiction under Rule 55.27 and its entry of appearance did not operate to waive its challenge to the'trial court's jurisdiction.

Respondent contends that "Rule 55.27 did not eliminate waiver of personal jurisdiction through a general entry of appearance. Rather, it gives the option of filing a Motion to dismiss in lieu of a special limited entry of appearance." Respondent's position is not consistent with Missouri law. Rule 55.27 provides that the defense of lack of jurisdiction over the person may be made by motion. Rule 55.27 further provides that a motion asserting lack of personal jurisdiction "shall be made (A) [w]ithin the time allowed for responding to the opposing party's pleading, or (B) [i]f no responsive pleading is permitted, within thirty days after the service of the last pleading." Rule 55.27. As Relator concedes, Rule 55.27 applies to matters filed in an associate circuit division as of the amendment of Rule 41 in 1994.

■ Contrary to Respondent's position, a defendant is not required to denominate its entry of appearance as a "special appearance" or qualify it in some other way to preserve a timely assertion of the defense of lack of jurisdiction over a person. In *State ex rel. White v. Marsh*, 646 S.W.2d 357 (Mo. banc 1983), the Court rejected the proposition that a defendant who enters and fails to mention "any purpose of raising an issue of process or of jurisdiction over the person" waives the right to later assert a defense of lack of jurisdiction over the person in a timely filed motion. *Id.* at 358. Emphatically rejecting a requirement of "special appearance", the Court stated as follows:

---

2. Promise Healthcare also argues that Respondent acted in excess of her jurisdiction because Promise Healthcare does not have

sufficient contacts with Missouri. We decline to decide this issue.

No such advice or reservation is required by the rules. *To so require would be to perpetuate the concept of 'special appearance,' which serves no useful purpose.*

*Id.* at 361 (emphasis added).

In *White,* the Court noted with approval this court's analysis in *Kloos v. Corcoran,* 643 S.W.2d 94 (Mo.App. E.D.1982), of the issue presented here. 646 S.W.2d at 361. In *Kloos,* the plaintiffs argued that defendants waived their right to claim improper venue by their entry of appearance and request for time to plead. 643 S.W.2d at 95. The court noted that "prior to 1943 objections to venue or jurisdiction over the person were waived if a defendant made a general appearance or in any way recognized the jurisdiction of the court such as by requesting additional time to plead." *Id.* The court directed defendants to Rule 55.27 to determine which actions create a waiver of challenges to either venue or personal jurisdiction. *Id.* With respect to Rule 55.27, the court concluded as follows:

> Our reading and analysis of this Rule causes us to conclude that 'special appearances' are no longer required and that waiver of a defense or objection listed in 55.27(a) occurs: (1) when that defense or objection is not raised in a motion raising other defenses or objections or (2) in the event that no such motion is filed then when the defense or objection is not raised in responsive pleading.

*Id.* at 96.

Despite recognizing that amendments to Rule 41.01(d) "make Mo R.Civ. Pro. 55.27

applicable to Associate Circuit Division cases," and despite the well-established principles described above, Respondent relies solely on *C & H Distributors, Inc. v. Cloud Enterprises, Inc.,* 866 S.W.2d 927 (Mo.App. E.D.1993), for her position that a general appearance, under the circumstances present here, waives a challenge to jurisdiction over the person.[3] *C & H Distributors* is clearly distinguishable from this case and is of doubtful precedential value in general. First, the court clearly stated that application of Rule 55.27 played no part in the underlying determination because the case originated in an associate circuit division. *Id.* at 928. As Respondent concedes, Rule 55.27 is now applicable to cases filed in an associate circuit division. Furthermore, the defendant in *C & H Distributors* did not timely file a challenge to personal jurisdiction. *Id.* at 928. Rather, unlike here, the defendant filed its motion six months after its general entry of appearance. *Id.* at 928. By contrast, Promise Healthcare filed its motion on the same day it filed its entry and within thirty days following receipt of the summons.

■ Consistent with cases interpreting Rule 55.27, we conclude that Promise Healthcare's entry of an appearance did not waive its timely filed challenge to personal jurisdiction. *See Kloos,* 643 S.W.2d at 96. Promise Healthcare was not required to file a special appearance in order to preserve its defense. *Id.* Nor was Promise Healthcare required, as Relator

**3.** In contrast to her August 30th order, Respondent does not rely on *Lamastus* here. We, nevertheless, take the opportunity to note that *Lamastus* does not support the proposition that a defendant must file a special appearance to avoid waiver of a challenge to personal jurisdiction. We specifically recognized in *Lamastus* that the Civil Code of 1943 "abrogated the old rule requiring a 'special appearance' to challenge personal jurisdiction." 886 S.W.2d at 725. Moreover, in contrast to this case, the defendant in *Lamastus* responded to the summons by mailing a letter to the court in which he not only sought an extension of time but also contested the paternity of a minor child and the division of property.

suggests, to qualify its entry of appearance "in some way in order to preserve the defense of a lack of personal jurisdiction." Accordingly, Respondent improperly denied Promise Healthcare's Motion to Dismiss on the grounds that it waived its challenge to personal jurisdiction by filing an entry of appearance that was not labeled as special or otherwise qualified where it timely filed a motion to dismiss for lack of personal jurisdiction.

### Conclusion

We make permanent our preliminary order in prohibition and direct the trial court to consider the merits of Promise Healthcare's Motion to Dismiss.

KATHIANNE KNAUP CRANE, J., and ROY L. RICHTER, J., concur.